26940. OWENS v. GEORGIA POWER COMPANY.

ARGUED APRIL 10, 1972—DECIDED JUNE 19, 1972—
REHEARING DENIED JUNE 28, 1972.

*Shi & Raley, Trammell F. Shi, F. Robert Raley,* for appellant.
*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellee.

GRICE, Presiding Justice. This case arose when Charlie

Owens, by his mother Mrs. Ruth Brooks as next friend, filed a complaint in the Superior Court of Bibb County against the Georgia Power Company seeking damages for severe injuries received from an electrical current while he was in the backyard of his home immediately adjacent to the right of way and power lines of the power company. The defendant's answer denied the essential allegations of the plaintiff's complaint.

Upon the trial before a jury a substantial verdict was rendered for the plaintiff. The trial court overruled the defendant's motions for directed verdict, for judgment notwithstanding the verdict and for new trial.

On appeal to the Court of Appeals that court reversed, holding that the motions for directed verdict and for judgment notwithstanding the verdict should have been granted, which would end the case without another trial. *Georgia Power Company v. Owens*, 124 Ga. App. 660 (186 SE2d 294) (two judges dissenting). The application for certiorari to this court was granted.

In our view there was ample evidence to support the jury's verdict. It is not necessary to review the evidence here because its salient features were given extensive treatment in the well-written opinions of both the majority and minority in the Court of Appeals.

A careful review of the record reveals that there was evidence to support findings of negligence on the part of the defendant as to installation, inspection and maintenance of its transmission lines and grounding system along the right of way involved here, and to refute the conclusion that the plaintiff's injuries were attributable solely to an act of God. At any rate, the evidence presented substantial questions of fact which were totally within the province of the jury to resolve, and did not demand a verdict for the defendant.

Our Code declares that a motion for directed verdict shall be granted only "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict . . ." *Code Ann.* § 81A-150 (a).

Subsection (b) of that section provides that a motion for judgment notwithstanding the verdict may be made when the trial court denies a party's motion for directed verdict. Therefore it is obvious that the legal principles surrounding the one motion are pertinent to the other.

It was stated by this court as to motions for directed verdict in *Northwestern University v. Crisp,* 211 Ga. 636, 647 (88 SE2d 26) that " 'In any case where the evidence may be subject to more than one construction, or where more than one inference may be drawn, even from undisputed facts, the duty of solving the mystery should be placed upon the jury.' *Marshall v. Woodbury Banking Co.,* 8 Ga. App. 221 (68 SE 957)."

We therefore hold that the trial court properly overruled the defendant's motions for directed verdict and for judgment notwithstanding the verdict: and also that the Court of Appeals erred in overruling the trial court's judgment.

*Judgment reversed. All the Justices concur, except Jordan, J., disqualified.*