### 47576. SAVANNAH ICE DELIVERY COMPANY et al. v. AYERS.

STOLZ, Judge. This is an appeal from the trial court's judgment overruling the defendant's motion for judgment n.o.v. and motion for new trial. *Held:*

1. The first contention by the appellants is that the uncontradicted evidence shows that the plaintiff-appellee could have avoided the collision in question and his resulting

personal injuries by the exercise of ordinary care. "It is well-settled law that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one's protection ordinarily are to be decided by a jury, and a court should not decide them . . . except in plain and indisputable cases." *Anderson v. Wilson,* 114 Ga. App. 19, 21 (150 SE2d 172) and cit.; *Gordon v. Carter,* 126 Ga. App. 343, 345 (190 SE2d 570) and cit. Judgment n.o.v. can be granted only "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict . . ." *Code Ann.* § 81A-150 (a, b) (Ga. L. 1966, pp. 609, 656, as amended); *Owens v. Georgia Power Co.,* 229 Ga. 281 (190 SE2d 897). There was evidence in the record that the defendant's truck was four feet over on the plaintiff's side of the road. The evidence, though conflicting, supports the verdict. Enumerations of error 1, 2, and 3 are without merit.

2. The trial judge did not err, as contended in enumerated error 4, in admitting in evidence, over the objection that it was used merely for illustrative purposes, a diagram of the accident scene, on which there were markings of witnesses indicating the positions of vehicles, the plaintiff's person, etc. Diagrams, drawings, or sketches, shown by the testimony to be correct, are admissible. Green, Georgia Law of Evidence, § 83; *Clarke County School District v. Madden,* 99 Ga. App. 670, 676 (110 SE2d 47) and cit.; *Rouse v. Fussell,* 106 Ga. App. 259, 263 (126 SE2d 830). In this case the diagram was drawn by a registered land surveyor, who testified, subject to cross examination, authenticating its accuracy. All of the markings were made in open court by witnesses who were also subject to cross examination. Furthermore, "[e]vidence, the admissibility of which is doubtful, should be admitted and its weight left to the determination of the jury." *Green v. State,* 112 Ga. App. 329 (4) (145 SE2d 80).

3. It was not error, as contended in enumerated error 5,

to charge the provisions of *Code* § 38-1806, including those on impeachment of witnesses for "general bad character or for contradictory statements out of court," where appellant Fountain made two statements under cross examination which could be found to be contradictory of statements previously made in a deposition.

4. The judge's charge as to loss of future earnings as an element of damages, even if erroneous, was corrected by his subsequent instruction to disregard the earlier charge and allowing a finding of damages for diminished capacity to labor and to work, an element of pain and suffering, of which there was evidence. Enumerated errors 6 and 7 are without merit.

5. The $30,000 verdict was not excessive, as urged in enumerated error 8, in view of the evidence of the defendant's liability, as stated in Division 1 hereinabove, and evidence of the plaintiff's total disability for 13 months, loss of at least $5,600 in earnings, $1,483.50 doctor's fee, $1,774.55 hospital and other medical expenses, $15 wrecker fee, approximately $700 motorcycle repair charge, plus extensive pain and suffering, including permanent decreased capacity to earn and labor.

*Judgment affirmed. Bell, C. J., and Evans, J., concur.*
ARGUED OCTOBER 2, 1972—DECIDED NOVEMBER 15, 1972.

*Bouhan, Williams & Levy, James M. Thomas,* for appellants.

*Duffy & Degenhardt, Walter P. Degenhardt,* for appellee.

