## 55187. CURRELLEY v. THE STATE.

WEBB, Judge.

Currelley was indicted for rape, pleaded not guilty, and also filed prior to trial a special plea of insanity. Jury verdicts were returned against him on the special plea and the indictment, he was sentenced to life imprisonment, and appeals.

1. The district attorney asked Dr. Jose Delatorre, a witness for the state at the special plea of insanity hearing, the following question:

"Q. Do you have an opinion, based on your examination and evaluation of Mr. Currelley at the hospital, as to whether or not at the time he was released from Central State Hospital he was mentally competent to understand the nature and the object of the proceedings going on against him in court?"

After stating that he did have an opinion the witness was asked to give it, and responded:

"A. Based on my evaluation and the evaluation of the forensic team, I was agreed, and the members of the forensic team were agreed, that he was competent to stand trial."

Counsel for Currelley objected and was overruled. Shortly thereafter Dr. Delatorre was asked whether he had an opinion as to whether when he was released from the hospital Currelley was capable of assisting his attorneys in the defense of his case. After stating that he did, he was asked to give that opinion, and objection was again made and overruled.

Currelley contends that the court erred in allowing

this testimony over objection because his competency was the ultimate issue to be decided by the jury. We do not agree. The effect of this argument would be to ban the use of expert testimony to establish or rebut the assertion of mental incompetence of criminal defendants to stand trial, as approved by our courts in many cases. See, e.g., *Cochran v. State,* 212 Ga. 245, 246 (1d, e) (91 SE2d 601) (1956); *Chenault v. State,* 234 Ga. 216, 218 (1) (215 SE2d 223) (1975). Indeed, the jury can only decide the issue of competency from the expert evidence presented. See Chenault v. Stynchcombe, 546 F2d 1191 (5th Cir. 1977).

2. Currelley's contention that the state's medical expert's testimony should have been struck because it was based on psychiatric examinations performed 50 days before the trial is without merit. "Were this true, it would be almost impossible to force the accused to a trial upon the merits of the case. As soon as one trial of such a special plea was ended by an adverse finding and the case was again called for trial on the merits, the accused could again plead present insanity and force the court to go over another trial of that issue with possibly the same witnesses and the same evidence. If in such second trial the verdict should be against the plea, the accused could again file the same plea and demand that it again be tried." *Flanagan v. State,* 103 Ga. 619, 621 (1) (30 SE 550) (1898). Whether the defendant will be permitted to have another jury trial on a second plea of insanity is a matter within the sound discretion of the trial court, and we find no abuse of discretion here. *Hardwick v. State,* 231 Ga. 181, 183 (4) (200 SE2d 728) (1973).

3. It was not error to allow the state's nonexpert witness, a social worker at Central State Hospital who interviewed Currelley several times, to state that in his opinion Currelley was not psychotic. This testimony was admissible under Code § 38-1708. The Supreme Court "has repeatedly held that a person's state of mind or mental condition is properly the subject of opinion testimony and that after narrating the facts and circumstances upon which his conclusion is based, a nonexpert witness may express his opinion as to the state of mind or mental condition of another. [Cits.]" *Dix v. State,* 238 Ga. 209, 213 (2) (232 SE2d 47) (1977); see also

*Spencer v. State,* 236 Ga. 697, 700 (4c) (224 SE2d 910) (1976).

4. The above rule applies as well to the testimony of the sheriff. While Currelley insists that the voluntariness standards of Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966) and Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964) must first be proved, those cases clearly apply only to admission of a confession to a jury which is adjudicating guilt or innocence. In the trial of the special plea of insanity here there was at no time any attempt to admit a confession to the jury, and the jury was adjudicating competence to stand trial, which is civil in nature, not the guilt or innocence of the accused. See *Williams v. State,* 238 Ga. 298, 304 (3) (232 SE2d 535) (1977). Where he explains the basis for his opinion, a sheriff or warden may state in a trial of a special plea of insanity his opinion as to the sanity or insanity of an accused. *Lingo v. State,* 224 Ga. 333, 338 (4) (162 SE2d 1) (1968); *Coker v. State,* 234 Ga. 555, 564 (6) (216 SE2d 782) (1975).

5. Currelley asserts that the Miranda standards were not met for admission of his statement in the trial in chief because although he was advised "that he could exercise his rights *at any time* and not answer any questions or make any statements," (emphasis supplied), it was not specifically explained that he could exercise his rights after questioning had begun. At the Jackson-Denno hearing held prior to the trial in chief, the trial judge found that Currelley's statement was freely and voluntarily made. We must accept that factual determination unless it is shown to be clearly erroneous by a preponderance of the evidence, and it has not been so shown. *Pierce v. State,* 235 Ga. 237, 239 (3) (219 SE2d 158) (1975); *Jett v. State,* 136 Ga. App. 559, 560 (2) (222 SE2d 54) (1975); *Pless v. State,* 142 Ga. App. 594, 597 (3) (236 SE2d 842) (1977).

6. The remaining enumerations concerning alleged improper medical testimony about the victim's physical condition and use of the word "rape" fail to establish any reversible error.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

32

*Rogers & McCord, John D. McCord, III, Stephen L. Ivie,* for appellant.

*Thomas H. Pittman, District Attorney, Thomas D. Watry, Assistant District Attorney,* for appellee.