34201, 34202. SPAIN v. THE STATE (two cases).

MARSHALL, Justice.

The appellant, James Spain, Jr., and Johnny William Foster were indicted for the murder of Willie Little. They were tried separately, but he was convicted and sentenced to life imprisonment. Following the denial of his motion for new trial, he appeals. We affirm.

Several state's witnesses testified that on the morning of March 18, 1977, they had seen the appellant, accompanied by a man identified as Johnny William Foster, shoot the victim in the parking lot of McDonald's restaurant in Forest Park, Georgia. The evidence further showed that the appellant and the victim were coworkers; they had been bickering for years over a fan, which was used by the victim to keep dust and particles out of his face, but which extremely annoyed the appellant.

Following his arrest shortly after the shooting, the appellant was given his Miranda warnings, but he executed a written waiver of his right to remain silent and his right to have an attorney present. He proceeded to give a statement to the police admitting that he had enlisted the aid of Foster to help him beat up the victim at the McDonald's restaurant, where the victim took his morning coffee. He admitted shooting the victim in the parking lot of the restaurant and then fleeing the scene. Following a Jackson-Denno hearing, this statement was admitted in evidence, and the appellant does not contest its admissibility in this appeal.

1. In the first enumeration of error, the appellant argues that the trial court erred in ruling that his Sixth Amendment right to counsel was not violated when police took an oral statement from him at the county jail in the absence of his attorney.

The police officers to whom this statement was given testified that they had gone to the county jail on March 24 to further interrogate the appellant concerning Foster's involvement in the murder. The appellant was given his Miranda warnings, but he refused to sign the waiver-of-rights form because his attorney had instructed him not to sign anything. However, the appellant stated to the police officer that he would cooperate with them and

tell them anything they wanted to know. Following a Jackson-Denno hearing outside the jury's presence, the trial court ruled that the appellant had made a knowing and voluntary waiver of his right to have his attorney present prior to making this statement. Accordingly, the trial court ruled that the statement was admissible in evidence.

Factual and credibility determinations of this sort will not be reversed by the appellate court unless clearly erroneous. *Berryhill v. Ricketts,* 242 Ga. 447 (2) (249 SE2d 197) (1978); *Lee v. State,* 239 Ga. 769 (2) (238 SE2d 852) (1977); *Currelley v. State,* 145 Ga. App. 29 (5) (243 SE2d 307) (1978); *Pless v. State,* 142 Ga. App. 594 (3) (236 SE2d 842) (1977). The absence of a written waiver form is not conclusive on the question of whether Miranda warnings have been properly administered. There is no constitutional requirement that waiver of constitutional rights be in writing. In the absence of a writing, the trial court is still authorized to find, from a totality of the evidence, that the state has carried its burden of showing waiver of a constitutional right. *Stovall v. State,* 236 Ga. 840 (1) (225 SE2d 292) (1976). Under the facts and circumstances present here, we find that the determination in favor of admissibility is not clearly erroneous.

The appellant also argues that this statement was obtained in violation of his right to counsel because a member of the district attorney's office had agreed with counsel to do everything in his presence. However, at the time of trial the member of the district attorney's office who was supposed to have made this agreement was deceased, and the two police officers who obtained the statement from appellant testified that they were unaware of any such agreement. In any event, after being given his Miranda warnings, the appellant proceeded knowingly and voluntarily to give the statement to police in the absence of counsel and without making any demand that counsel be present. For these reasons, we find Brewer v. Williams, 430 U. S. 387 (97 SC 1232, 51 LE2d 424) (1977), relied on by the appellant, to be distinguishable.

In addition, the appellant has not cited to any portion

of the transcript in which testimony was given concerning the March 24 statement or in which this statement was received in evidence. Furthermore, it would appear as though the statement was merely repetitious of the prior statement made by the appellant at the time of his arrest on March 18. Therefore, even assuming for the purposes of argument that the March 24 statement was obtained from the appellant in violation of his right to counsel, the appellant has not shown how he was harmed thereby.

We find this enumeration of error to be without merit.

2. In the second enumeration of error, the appellant argues that the trial court erred in failing to require the state to produce statements of witnesses given to the district attorney's office. The appellant argues that the trial court should have required the state to produce these statements of witnesses under the appellant's notice to produce, as well as his Brady motion. The district attorney objected to providing the defense with any statements of witnesses unless some aspects of the statements were exculpatory as to the appellant. The trial court sustained the state's objection.

It has been held in *Stevens v. State,* 242 Ga. 34 (1) (247 SE2d 838) (1978) and *Barker v. State,* 144 Ga. App. 339 (1) (241 SE2d 11) (1977) that statements of witnesses in the prosecutor's files (nothing more appearing) may not be reached by the notice to produce provisions of Code Ann. § 38-801 (g) (Ga. L. 1966, pp. 502, 504), which *Brown v. State,* 238 Ga. 98 (231 SE2d 65) (1976) held to be applicable to criminal as well as civil trials.

The appellant has not shown that there was anything in these statements that was material and exculpatory to him. Therefore, the trial court also did not err in refusing to order disclosure of the statements under the appellant's Brady motion. *Stevens v. State,* supra.

We find this enumeration of error to be without merit.

3. In the third enumeration of error, the appellant argues that the trial court erred in allowing the prosecuting attorney to state during closing argument to the jury that: "If he didn't know it was wrong to kill a man, how can he sit here and be able to go through a trial in

superior court for murder. And those doctors said the man is competent to stand trial. . . Will you sit there and believe that a man who doesn't know it's right to shoot a man like a dog in the street — I mean — he doesn't know that it's wrong? Is a man who is able to understand the nature in effect of a criminal jury trial and to assist his lawyer in trying to defend that act for you. Now, which is it easier to understand? Which is it easier to do? Which is it easier to know that it's wrong? Is it easier to know that it's wrong to kill a man than it is to be able to assist your counsel in the defense of a criminal jury trial and to understand the nature of the charges, understand the proceedings of the trial?"

It is undeniably true that the test for determining whether one is possessed of sufficient mentality to be held criminally responsible for his acts, and the test for determining the competency of an accused to stand trial, are distinct. "A person shall not be found guilty of a crime, if at the time of the act, omission, or negligence constituting the crime, such person did not have mental capacity to distinguish between right and wrong in relation to such act, omission, or negligence." Code Ann. § 26-702 (Ga. L. 1968, pp. 1249, 1270). "[T]he issue raised by the special plea of insanity at the time of the trial is not, whether the defendant can distinguish between right and wrong, but is, whether he is capable at the time of the trial of understanding the nature and object of the proceedings going on against him and rightly comprehends his own condition in reference to such proceedings, and is capable of rendering his attorneys such assistance as a proper defense to the indictment preferred against him demands." *Brown v. State,* 215 Ga. 784, 787 (113 SE2d 618) (1960).

In the present case, one of the appellant's expert medical witnesses testified that the appellant was mentally retarded and that this was a chronic condition impairing his ability to distinguish between right and wrong. Another of the appellant's expert witnesses stated to the trial court, in a letter introduced in evidence as an exhibit, that the appellant was competent to stand trial.

The prosecuting attorney did not misstate the law to the jury, but, rather, he argued what could be found by the

jury to be a reasonable deduction from the evidence. Therefore, we hold that the trial court did not err in allowing this argument.

4. In the fourth enumeration of error, the appellant complains of the trial court's charge that the jury could presume an intent to kill from the use of a deadly weapon or instrumentality in the manner in which such weapon or instrumentality is ordinarily employed. The trial court further charged the jury that this presumption could be rebutted.

The appellant's argument, that this jury charge is unconstitutionally burden-shifting under Mullaney v. Wilbur, 421 U. S. 684 (95 SC 1881, 44 LE2d 508) (1975), has been rejected in *Spencer v. State,* 236 Ga. 697 (5) (224 SE2d 910) (1976).

The appellant also argues that the trial court erred in failing to charge the jury on the quantum of proof necessary to rebut the presumption of malice from use of a deadly weapon. In the present case, the appellant objected only to the trial judge's giving the charge. The appellant did not request that the charge include a reference to the quantum of proof necessary to rebut the presumption of an intent to kill from use of a deadly weapon. Since the appellant did not make any such request, and since we find no law requiring such a charge, we hold that the trial court did not err in failing to so charge.

We find this enumeration of error to be without merit.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in Divisions 2, 3, 4 and the judgment.*

SUBMITTED NOVEMBER 14, 1978 — DECIDED JANUARY 23, 1979.

James Spain, Jr., *pro se* (Case No. 34201).

*Garland, Nuckolls, Kadish, Cook & Weisensee, Mark J. Kadish, Rhonda Brofman, Reuben A. Garland,* for appellant (Case No. 34202).

*Robert Keller, District Attorney, James W. Bradley, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney*

*General,* for appellee.