## 41590. SHERIDAN v. THE STATE.
(324 SE2d 472)

Smith, Justice.

Appellant was tried and convicted before a Fulton County jury for the felony murder of Arlene Candies. She was sentenced to life imprisonment. On appeal, she raises two enumerations of error. We affirm.[1]

On April 12, 1983, appellant called James Fielder, Jr. to ask him to bring her the keys to her apartment. The victim, Candies, answered the phone at Fielder's apartment. Appellant and the victim had quarreled in the past over Fielder. Fielder told appellant that he would bring her keys to her. When he failed to do so, appellant went to Fielder's apartment.

When appellant arrived at the apartment, Fielder saw that she had a knife, and he took her into the kitchen. Appellant began to swing the knife. She and the victim began to threaten one another and to assault each other with knives and vases.

Somehow, appellant found Fielder's gun, which he kept in his bedroom. When the victim approached appellant with a large knife, appellant fired the gun, fatally wounding the victim. Appellant left the apartment, called a friend, and turned herself in to the police.

1. In her first enumeration of error, appellant asserts that the evidence is insufficient to support a conviction on a count of felony murder. The evidence established the fact that appellant killed the victim by assaulting her with a deadly weapon. A rational trier of fact could have concluded that appellant was the aggressor in the fight and that she did not act in self-defense. The evidence was sufficient to support the conviction under Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. In her second enumeration, appellant claims that the trial court erred in allowing the state to place her character in issue.

During cross-examination, the state asked appellant if she and the victim had ever argued over Fielder. Appellant replied that they had.

. Appellant then testified that the victim at one time pointed a gun at her. When the state asked appellant if she had ever threatened the victim with a gun, appellant's attorney objected to the question.

The trial court ruled that appellant had raised the issue of the prior confrontations on direct examination, thus the state could cross-

---

[1] The crime was committed on April 12, 1983. The Fulton County jury returned its verdict of guilty on August 24, 1983. A motion for new trial was filed on September 15, 1983, heard and denied on August 30, 1984. Notice of appeal was filed September 12, 1984. The transcript of evidence was filed July 2, 1984. The record was docketed in this court on September 27, 1984. The case was submitted on November 9, 1984.

examine appellant about the other confrontations. "[E]vidence of prior difficulties between an accused and the victim is admissible to illustrate the accused's motive, intent, or bent of mind toward the victim." *Hales v. State*, 250 Ga. 112, 113 (296 SE2d 577) (1982). We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 9, 1985.

*Kenneth D. Feldman*, for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr.*, for appellee.