75213. CAPLINGER v. THE STATE.
(364 SE2d 610)

BEASLEY, Judge.

Convicted of rape, OCGA § 16-6-1, aggravated sodomy, OCGA § 16-6-2, and aggravated assault, OCGA § 16-5-21, defendant appeals to this court.

Two errors are enumerated: 1) the evidence is insufficient as a matter of law, and 2) the court erred in admitting into evidence the defendant's statements because they were involuntary.

1. Without detailing the facts related concerning defendant's violent attack on a prostitute, we hold that the evidence was sufficient for any rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Defendant contends because he originally invoked his right to remain silent that subsequent statements given by him were inadmissible. Before being interrogated, defendant was read his rights and offered a consent form to sign. Defendant wrote "refused statement"

on the form. The police officer investigating the crime asked the defendant some background information and then stated to him, in effect, that she had only heard one side of the story and would like to hear both sides, "this is your opportunity if you want to talk with me about it, to give me your side of the story." Defendant changed his mind and wrote "I've decided it best to cooperate and be honest," and signed his name on the consent form. He gave a statement which the officer wrote down and he signed. It was exculpatory insofar as the charged crimes were concerned.

A few days later, defendant asked to see the investigating officer, was warned of his rights, signed a consent form and gave the officer a much more detailed statement which, although it was intended to be exculpatory, was much more inculpatory than the first because the defendant admitted some of the acts charged against him but insisted they were consensual on the victim's part.

In *Mitchell v. State*, 254 Ga. 353, 356 (7) (329 SE2d 481) (1985), accused refused to sign a waiver and was told by an investigator that if he had an alibi he should tell it so that it could be checked out. Accused contended that this rendered his statement involuntary as an inducement by hope of benefit. The Supreme Court found that not to be so. *Tyler v. State*, 247 Ga. 119, 122 (2) (274 SE2d 549) (1981), had a similar result where the court found no inducement from an officer's telling defendant that the " 'best thing, if she had anything to do with it, was to go ahead and get it off her chest.' "

The trial court determined that, under the totality of circumstances, defendant's first statement was voluntary and not the product of any inducement. Based upon the above authority we find no error in that ruling.

We are troubled by the fact that the interrogator continued the conversation which eventually led to defendant's change of mind regarding the first statement. See *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981); *Oregon v. Bradshaw*, 462 U. S. 1039 (103 SC 2830, 77 LE2d 405) (1983). These cases require that where a defendant asks for an attorney any subsequent conversation relative to the investigation be initiated by defendant. If not, there is no waiver and a *Miranda* violation occurs. However, even if this was error, it clearly was harmless because the statement given was exculpatory rather than incriminating. *Wilson v. Zant*, 249 Ga. 373, 377 (1) (290 SE2d 442) (1982). Moreover, it was followed by a statement which was much stronger and tended to be inculpatory, thereby, if valid, vitiating any possible damage accruing from the admission of the first statement. *United States v. Johnson*, 816 F2d 918, 923 (3rd Cir. 1987); *Bryant v. Vose*, 785 F2d 364, 367 (1st Cir. 1986); *United States v. Packer*, 730 F2d 1151, 1157 (8th Cir. 1984).

Based on the proof offered at the *Jackson v. Denno* (378 U. S.

368 (84 SC 1774, 12 LE2d 908) (1964)) hearing, the voluntariness of the second statement and the fact that it was in no way the result or product of the first were clearly established. Under these circumstances, the second statement could not be tainted by the prior statement since the "fruit of the poisonous tree" doctrine is inapplicable to violation of *Miranda*'s prophylactic rules. *Oregon v. Elstad*, 470 U. S. 298 (105 SC 1285, 84 LE2d 222) (1985); *Wilson v. Zant*, supra; *Widdowson v. State*, 171 Ga. App. 134, 136 (1) (318 SE2d 820) (1984); *United States v. Johnson*, supra.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1988.

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, R. Stephen Roberts, Barbara Conroy, Assistant District Attorneys*, for appellee.