## A89A0986. ASKEW v. THE STATE.
(387 SE2d 25)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of rape and robbery. He appeals from the judgments of conviction and sentences entered by the trial court on the guilty verdicts.

1. Appellant enumerates the general grounds.

The victim never saw the face of the man who raped and robbed her. However, two witnesses identified appellant as the man they had seen in the area at the approximate time the crimes were committed. Scientific evidence was incriminatory of appellant. The witnesses presented in support of appellant's defense of alibi were thoroughly impeached. We find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant moved to suppress evidence relating to his pre-trial and in-court identification. The denial of his motion is enumerated as error.

Assuming without deciding that the pre-trial photographic lineup was so suggestive as to cast doubt upon the reliability of the witnesses' identification, we will undertake "a 'totality of circumstances' review focusing on certain factors which might lead to 'likelihood of misidentification': (1) the opportunity of the witness to view the perpetrator; (2) the witness' degree of attention; (3) the accuracy of prior description; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the identification." *Burks v. State*, 174 Ga. App. 304 (1) (329 SE2d 590) (1985). One witness looked the man in the eyes and talked with him for approximately five minutes. The other witness watched and talked with him for approximately two minutes. Both witnesses gave a clear and accurate description of the man before being shown any photographs. Positive photo identifications were given by both witnesses some two or three months after the crimes had been committed. "Considering the totality of the circumstances in this case, it cannot be said that the photographic array, [even if] impermissibly suggestive, was conducive to irreparable mistaken identification. [Cit.]" *Redd v. State*, 154 Ga. App. 373, 374 (2) (268 SE2d 423) (1980). The trial court did not err in refusing to suppress the identification evidence.

3. The trial court's refusal to suppress appellant's incriminating statement is enumerated as error. The contention is that the State did not show that appellant had clearly and affirmatively waived his constitutional rights.

It is not constitutionally required that a waiver be in writing. *Spain v. State*, 243 Ga. 15, 16 (252 SE2d 436) (1979). See also *Mitch-*

*ell v. State,* 254 Ga. 353, 355 (7a) (329 SE2d 481) (1985). In the instant case, the police officer testified that appellant read and was advised of his *Miranda* rights, that no threats or promises were made to him, and that appellant appeared to understand his rights and so stated. In these circumstances, the trial court's finding that appellant had freely and voluntarily waived his constitutional rights was not clearly erroneous. See *Rosser v. State,* 157 Ga. App. 161, 162 (1) (276 SE2d 672) (1981).

*Judgments affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 27, 1989.

*Tony L. Axam,* for appellant.
*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Monique F. Kirby, Assistant District Attorneys,* for appellee.