A90A1348, A90A1416. FOSKEY et al. v. WILLIAMS BROTHERS TRUCKING COMPANY, INC. et al.; and vice versa.
(399 SE2d 484)

BIRDSONG, Judge.

John and Velma Foskey appeal the jury verdict of one dollar to the defendants on defendants' counterclaim in this personal injury collision case, and the verdict against them as plaintiffs. Defendants Williams Brothers Trucking Company, Inc. et al. assert a cross-appeal to be considered in the event a new trial is awarded to the Foskeys.

The collision occurred as John Foskey was driving a 30-year-old farm tractor up an incline to Samples Body Shop on Highway 56 in Toombs County. As Mr. Foskey attempted to enter the shop driveway, he gave a left-turn hand signal as he immediately began his turn. Williams Brothers' truck, driving behind Foskey, had moved into the left opposite-travel lane to pass the tractor. The truck was traveling 35-40 mph (according to the driver) or 50 mph (according to the investigating officer). The speed limit was 55 mph. Mr. Foskey was traveling 5-10 mph; he knew the truck was approaching from behind but did not see the truck move to pass him until the collision occurred. The left front of his tractor hit the right front of Williams Brothers' truck; the truck driver steered to the left in an attempt to avoid collision. Where the collision occurred, the highway was divided by a solid yellow line indicating a no-passing zone, but where the truck had moved out to pass, the centerline was broken, indicating passing allowed. The truck driver testified he never saw Mr. Foskey make a left-turn hand signal. *Held*:

1. In appeal A90A1348, appellants Foskey enumerate three errors concerning the testimony and evidence of defendant Williams Brothers' expert witness. None of these assertions constitutes harmful error justifying or authorizing a reversal and new trial.

Appellants Foskey contend it was error to allow the expert to use and testify concerning a diagram exhibit which showed the lay of the highway, and upon which he had prior to trial depicted his reconstruction of the positions and movement of the two vehicles. The grounds for alleged error are that Williams Brothers had not pro-

duced this expert's diagram and depictions in response to certain interrogatories.

The trial court considered appellants' objection at length. The record shows Williams Brothers provided the expert's name more than a year prior to trial, and stated his testimony would be based upon "the laws of physics and computations of speed and distance." Appellants then deposed the Williams Brothers' expert at length, yet made no inquiry of him as to his expected testimony concerning his computations of speed and distance or the foundation therefor.

As the trial court aptly reasoned, the diagram was identical to another exhibit introduced which simply showed the road layout; the expert properly could have used that other exhibit at trial and drawn or indicated upon it his expert opinion as to the relative positions and paths of the vehicles based on the evidence, so the exhibit as it contained his depictions was not error in itself. See *Savannah Ice Delivery Co. v. Ayers*, 127 Ga. App. 560, 561 (194 SE2d 330). The exhibit was not sent out with the jury, so the expert's depictions were not unfairly emphasized. Moreover, appellants had the opportunity to fully cross-examine the witness as to the accuracy of the depictions. Id.

As to the claim of surprise, appellants had a full year's notice and the opportunity of a thorough deposition to discover the expert's calculations and conclusions. So, even if appellants could properly complain here of noncompliance with a particular interrogatory as to production of diagrams, no harm is shown by the expert's testimony concerning this one at trial.

As to appellants' complaint that it was wrong to let the expert testify as to relative "fault," it is well settled that the expert could give his opinions as to calculations of speed and distance and when he does so, he is not testifying as to "fault"; moreover, in any case, the jury can accept or reject the expert's testimony. See *Whidby v. Columbine Carrier*, 182 Ga. App. 638, 641-649 (356 SE2d 709) (overruled on other grounds in *Pender v. Witcher*, 194 Ga. App. 72, 73-74 (389 SE2d 560); but see *Witcher v. Pender*, 260 Ga. 248 (392 SE2d 6), reversing *Pender v. Witcher* and sustaining *Whidby v. Columbine Carrier* in the principle overruled). None of the expert's testimony which appellants reference as impermissibly intrusive asserts that the plaintiff was unequivocally at fault. Testimony by an expert as to what one party or the other should have done or could have done in the factual or hypothetical circumstances is arguably within the realm of his expertise and is not per se inadmissible as being testimony upon the ultimate jury question of actual fault and liability. Wherever this expert made statements which the trial court did deem intrusive, the trial court sustained an objection or rebuked the witness sua sponte, and appellants did not ask for more. *Perry v. Intl. Indem. Co.*, 169

Ga. App. 818 (315 SE2d 13). Admissibility of evidence rests in the trial court's sound discretion, and wherever the evidence is of doubtful relevance or competence, it should be admitted and its weight left to the jury. *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 575 (377 SE2d 15).

2. The trial court in limine instructed counsel not to advise the jury that plaintiffs Foskey had retained an expert who did not testify. In closing argument, defendants' counsel stated, "did they have an expert come down here and tell . . . their side?" This did not amount to impermissible argument that plaintiffs had an expert whom they did not call to testify; it merely states what was already clear to the jury, i.e., that no expert testified for the plaintiffs. In any case, the trial court sustained appellants' objection to the argument, and appellants requested no further action or instruction so as to put the trial court on notice that it had not done enough and should do more. *Averette v. Oliver*, 128 Ga. App. 54 (195 SE2d 925). Appellants therefore have no grounds to complain on appeal.

3. The evidence clearly authorized jury charges on avoidance of consequences, assumption of risk, and sudden emergency. Where there is evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue. *East Side Auto Parts v. Wilson*, 146 Ga. App. 753 (247 SE2d 571).

4. The trial court did not err in charging the jury as to "roadway obstruction" pursuant to OCGA § 40-6-40. In *Smith v. Lott*, 246 Ga. 366 (271 SE2d 463), the Supreme Court plainly recognized that a slow-moving farm vehicle could constitute a roadway obstruction, and whether it does so is a jury question. The trial court's instruction was that a vehicle driver can drive to the left of the centerline to avoid an obstruction, providing any person so doing shall yield the right-of-way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard. Appellants argue that this charge authorizes a driver to pass a slow-moving vehicle in a no-passing zone. We disagree. Apparently the jury found the farm tractor to be so slow-moving as to amount to an obstruction, or to create a sudden emergency allowing defendants to act in avoidance of circumstances. In such instances, appellants' driver would have been authorized to move to avoid the obstruction, yielding the right-of-way to any person traveling in the proper direction. This includes passing in a no-passing zone, if the passing is made to avoid an obstruction. It does not amount to authority to violate the law as to "passing zones." The charge was authorized. *East Side Auto Parts v. Wilson*, supra.

5. Appellants Foskey contend it was harmful error to charge that where the evidence on each side is equally balanced, where the jury believes the witnesses on each side equally credible, where the jury

believes the evidence is just as strong on one side as the other, then the plaintiff would not have carried the burden of proving his case by a preponderance, and the jury should find in favor of the defendant.

Appellants contend this charge authorizes a verdict on the defendants' counterclaim notwithstanding the defendants' failure to prove their counterclaim case to a preponderance, thus placing the burden upon plaintiffs to disprove defendants' counterclaim. We do not find in this case that this charge justifies reversing the verdict and ordering a new trial. The plaintiffs did not make this precise objection below (see *Warren v. Jenkins*, 190 Ga. App. 442, 443 (379 SE2d 19)); and, in any case, the jury was otherwise properly charged as to the defendant's burden of proof on its own counterclaim.

In view of the jury's finding of a verdict in favor of defendant for one dollar, it is clear the jury considered the evidence and was not misled to award the defendants an undeserved amount upon defendants' counterclaim. The verdict reflects the jury's understanding that defendants could not be awarded the damages they claimed merely because plaintiffs had failed in some degree to bear the burden of proof to the preponderance.

6. There being no reversible error in the trial of the case with regards to the plaintiffs Foskey, they are not entitled to a new trial and the trial court did not err in denying one.

In their cross-appeal, Williams Brothers et al. have asserted errors to be considered in the event a new trial was granted to the plaintiffs; otherwise, they do not complain of the one dollar verdict in their favor. Accordingly, we are authorized to consider moot the questions raised in the cross-appeal.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 11, 1990 —
REHEARING DENIED NOVEMBER 26, 1990 — 

*Stubbs & Associates, M. Francis Stubbs, Joseph D. McGovern,* for appellants.

*Newton, Smith, Durden & Kaufold, Wilson R. Smith,* for appellees.

