A92A0488. LIU'S ENTERPRISES CORPORATION et al. v. LI.
(419 SE2d 511)

SOGNIER, Chief Judge.

Eric Yang Li brought suit against Liu's Enterprises Corporation d/b/a Hunan House Chinese Restaurant and its shareholders, Sheng Hui ("Steve") Liu and Shih-Yuan ("Esther") Liu, to recover damages for injuries incurred when he was attacked by two men at the restaurant owned by the corporation, alleging, inter alia, that his injuries were inflicted by restaurant employees at the direction, or with the tacit approval, of Steve Liu. A jury verdict was rendered in favor of Li. Defendants appeal from the denial of their motion for judgment n.o.v. or alternatively for a new trial.

The evidence at trial established that on January 1, 1989, appellee was delivering plastic table tops to appellants' restaurant in the course of his employment with a restaurant supply company. Present in the restaurant's dining room were appellant Esther Liu, appellant Steve Liu's brother-in-law Paul Liu, who was a waiter at the restaurant, and two Asian men who were sitting at a table at the back of the dining room. While unwrapping the plastic tops and fitting them on the tables, appellant Steve Liu conversed with appellee regarding a check Liu had previously given appellee to pay for other merchandise that had been returned for insufficient funds. Appellee and Liu agreed at trial that the conversation, in which appellee related that his employer had agreed to pay the charge for the returned check because he had inadvertently deposited the check after agreeing to hold it, was friendly. The two men at the back of the dining room apparently took issue with appellee's employer's behavior, and chided appellee to remind his employer to be more careful in the future. Chinese obscenities were exchanged, and an altercation quickly ensued in which appellee was stabbed with a steak knife.

The evidence conflicted sharply as to whether the men at the back of the restaurant were performing duties for the restaurant or were merely visiting. Steve Liu testified he knew one of the men, but only casually, and although he admitted that the man had loaned him

$2,000, he knew only that he was called "number four," and did not know his correct name or where he lived. The evidence also conflicted as to who first used the offensive language, and several other matters. Steve Liu testified that his back was to appellee, but admitted that he heard the words between appellee and the other men, and that if he had been facing appellee he could have prevented the attack. Appellee testified that Steve Liu was facing both him and the two assailants during the exchange of words, and that the assailants exchanged glances with Steve Liu prior to attacking him. Appellee also testified that after the stabbing Steve and Esther Liu were reluctant to assist him by calling the police or an ambulance but encouraged him to leave the restaurant immediately and drive himself to a hospital despite his injury.

1. Appellants contend the trial court erroneously admitted certain testimony of Sergeant Douglas Murry of the Fulton County Police Department. At trial, appellants objected on hearsay grounds to Murry's testimony regarding the substance of what Paul Liu, who at the time of trial had moved out of the state and was not called as a witness, had told him. We agree and reverse.

It is undisputed that the testimony was hearsay. The statements in issue were not part of the res gestae as they were not made at the time of the incident but later, during Murry's investigation. See OCGA § 24-3-3; *Augusta Coach Co. v. Lee*, 115 Ga. App. 511, 514-517 (154 SE2d 689) (1967). Murry's conduct and motives were not in question, and thus the statements were not admissible to explain his conduct, as urged by appellee. *Teague v. State,* 252 Ga. 534, 535 (314 SE2d 910) (1984); *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982). Contrary to appellee's assertion, Paul Liu did not make the statements in question in the presence of appellants, and thus the principle set forth in *Hurston v. State*, 194 Ga. App. 226 (390 SE2d 119) (1990) is inapplicable. Thus, as the testimony objected to was hearsay and came under no exception to the hearsay rule, its admission was error.

We do not agree with appellee that this error was cumulative or harmless. Paul Liu's description of the incident differed from Steve Liu's in several particulars, and Murry's testimony necessarily would have affected the jury's view of Steve Liu's credibility. Given the sharply conflicting nature of the evidence at trial and the fact that the evidence supporting the jury's verdict was slight, although sufficient, we cannot say the admission of this evidence did not affect the jury's verdict. See generally *A Child's World v. Lane,* 171 Ga. App. 438, 440-442 (4) (319 SE2d 898) (1984).

2. For the reasons set forth in Division 1, Sergeant Murry's written reports of his interview with Paul Liu, containing the same hearsay, are inadmissible even if they are business records. See generally

*Mitchell v. State,* 254 Ga. 353, 355 (5) (a) (329 SE2d 481) (1985) (but erroneously cites business records exception as OCGA § 24-2-14).

3. We do not agree with appellants' contention that the testimony of Dr. Frank Chen, who was qualified as an expert in Chinese language and culture, was erroneously admitted because it was an opinion which bore on the ultimate issue. Dr. Chen testified as to the meaning of the Chinese words spoken and his opinion, under Chinese culture, of what should be done by a proprietor hearing those words exchanged. Testimony by an expert as to what one or the other party should have done in the factual or hypothetical circumstances has been held not to be inadmissible as bearing on the ultimate issue. *Foskey v. Williams Bros. Trucking Co.,* 197 Ga. App. 715, 716-717 (1) (399 SE2d 484) (1990). Moreover, in this case the ultimate issue was not what appellants should have done under Chinese cultural standards, but whether they breached their duty to appellee under the law of Georgia.

4. Although it was not error for the trial court to refuse to give appellants' requests to charge on foreseeability in the exact language requested because the principles therein were substantially covered, see *Alexie, Inc. v. Old South Bottle Shop Corp.,* 179 Ga. App. 190, 191-192 (1) (345 SE2d 875) (1986), we note that the requested charges were correct statements of the law.

5. We need not address appellants' remaining enumerations of error, as they are unlikely to occur at retrial.

*Judgment reversed and remanded. McMurray, P. J., and Cooper, J., concur.*

DECIDED JUNE 1, 1992.

*Bentley, Karesh & Seacrest, Karsten Bicknese,* for appellants.
*Salem & Wong, Alvin T. Wong,* for appellee.