## A94A2501. MYERS v. THE STATE.
### (453 SE2d 106)

ANDREWS, Judge.

After a bench trial, Sandra Myers was convicted of possession of marijuana with the intent to distribute.

Viewing the evidence in the light most favorable to the verdict, it was that in June 1993, United States Postal Inspector Martin Kirkland was involved in an investigation of contraband being sent through the mail. Kirkland requested the postmaster in Lindale to notify him of packages that might contain controlled substances.

On June 4, Kirkland was notified that a parcel had come into the Lindale post office which was suspicious. The package, which was an overnight express one, had been examined by a team using a drug dog. The package was addressed to Myers, and also listed Myers as the return addressee. The package was taped with heavy black tape and was leaking a white powder.

Kirkland directed the postmaster, Betty Holtzendorf, to go to Myers' home and tell her that she could pick up her express mail. When Holtzendorf went to Myers' home, Myers indicated that she was expecting a package and that she would come get it. When Holtzendorf returned to the post office, she looked out the window and saw Myers driving towards the building. Nevertheless, Myers did not come into the post office to retrieve her package. Holtzendorf testified that during this period, a patrol car was visible from the road and that Myers later admitted that she had seen it.

Because Myers had not picked up her package, Kirkland decided to take it to her residence. Kirkland and Detective Shuman of the Bryan County Sheriff's Department, who had joined Kirkland at the postal inspector's office, went to Myers' home. Myers did not accept delivery of the package and she stated that she did not want to sign for it. Kirkland testified that he told Myers that he needed to get the parcel delivered to resolve whether it contained narcotics. In response, Myers said that she would accept the package, although she would not sign for it. She stated that she would give Kirkland permission to open the parcel so that the matter could be resolved.

Kirkland opened the package and found two baggies containing a green leafy substance later identified as marijuana and an unknown white powder. One bag of marijuana weighed 65.8 grams; the other weighed 62.9 grams.

At this point, Myers was read her rights. She then stated that she had met an inmate, Roy Morris, through a Friend Finder and that they had started corresponding with each other by mail. The friendship developed and led to Myers visiting Morris at the prison. She stated that she received money in the mail from people she did not know and that she kept a list of these people. She stated that she spent the money to pay her bills. She admitted that Morris had told her to expect the package. She stated that other females slipped drugs into the prison, but she denied that she did this.

Myers then consented to a search of her residence which revealed a ledger of money transactions. Found in her vehicle were plastic sandwich bags, a pair of pliers, a pair of scissors, a roll of black tape, some cotton balls, a knife, a jar of vaseline, several balloons and a set of penny weights type scales.

Myers was taken to the Bryan County Sheriff's Department and she was again advised of her constitutional rights. At this point she signed a form waiving her rights, which is included in the record here. She then gave a written statement in which she stated: "I met Roy Morris through an ad in the Tell-N-Sell and started corresponding by mail or telephone. Went to meet him on the first time on November 2nd, 1991. After I had known him for awhile he convinced me to accept money orders through the mail, starting February 25th, 1993. I in return cash them and give cash money to Rosa Morris. She takes the money to buy marijuana, to take in to her husband (Randy Morris). He turns around and sells it inside prison (Reidsville). Money is sent to me to pay bills with."

Myers testified at trial and denied that the package was hers. Her sister also testified.

After hearing the evidence and making findings of fact, the court found Myers guilty.

1. In her first enumeration of error, Myers claims that the trial court erred in denying her motion for a directed verdict of not guilty since she had neither actual nor constructive possession of the drug. She contends that there was no evidence to connect her to the contraband and that she never took physical control of the package. She contends that the handwriting on the package was not hers; that no drugs were found at her residence; and that the allegedly drug-related items found in her vehicle and residence were not for drug-related purposes.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "A reasonable hypothesis as used in this Code section refers only to such reasonable inferences as are ordinarily drawn by ordinary men in the light of their experience in

everyday life; it does not mean that the act might by bare possibility have been done by someone else." (Citations and punctuation omitted.) *Bean v. State*, 204 Ga. App. 242 (1) (418 SE2d 798) (1992).

The standard of reviewing the denial of a motion for directed verdict is that from *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Harvey v. State*, 212 Ga. App. 632, 634 (2) (442 SE2d 478) (1994). Here, we find that a rational trier of fact could find from the evidence adduced at trial proof of Myers' guilt beyond a reasonable doubt.

2. In her second enumeration, Myers argues that the trial court erred in admitting into evidence her statements, since they were not given voluntarily. Relying on her own testimony, she claims that her statements were the product of threats and promises.

The court conducted a *Jackson-Denno* hearing on the admissibility of the two statements which Myers gave to the police. Both Kirkland and Shuman denied that they had threatened or coerced Myers in any manner. Kirkland stated that when she asked him, he told her the possible penalties for the violation. Both men testified that Myers was read her rights at her residence and at the station and that she appeared to understand her rights and that she voluntarily agreed to talk.

"A trial court's findings as to factual determinations and credibility relating to the admission of in-custody statements will be upheld on appeal unless clearly erroneous." (Citations and punctuation omitted.) *Johnson v. State*, 188 Ga. App. 499, 500 (1) (373 SE2d 284) (1988). From our review of the record, we find that the evidence presented supported the trial court's finding that Myers' statement was freely and voluntarily made and that she clearly and affirmatively waived her rights. There was no error in admitting the statements. See generally *Harris v. State*, 190 Ga. App. 343 (3) (378 SE2d 912) (1989); *Askew v. State*, 193 Ga. App. 61 (3) (387 SE2d 25) (1989).

*Judgment affirmed. Beasley, C. J., and Johnson, J., concur.*

BEASLEY, Chief Judge, concurring specially.

I concur fully in Division 2. I concur in Division 1 because, although not stated in the majority opinion, there was evidence that, as to the element of possession, defendant constructively possessed the marijuana by giving permission to open the package containing it, after she had been told it could not be opened without her consent since it was addressed to her. Thus she exercised control over the package which she knew contained marijuana, even though she never actually physically possessed it. Constructive possession is sufficient to constitute possession. *Brooks v. State*, 206 Ga. App. 485, 486 (1) (425 SE2d 911) (1992). Exercise of control over an item is sufficient to constitute constructive possession. Id.

DECIDED JANUARY 11, 1995.

*Harris Odell, Jr.,* for appellant.
*Dupont K. Cheney, District Attorney, Michael T. Muldrew, J. Stephen Archer, Assistant District Attorneys,* for appellee.