BARNES, Presiding Judge,
dissenting.
Because the trial court erred in granting summary judgment in favor of the appellee, I respectfully dissent. As Judge Blackburn foresaw almost twenty years ago, the “decisions of this Court have so twisted, limited, and misapplied certain holdings of the Supreme Court of Georgia as to create a gauntlet of premises liability analysis *703 through which plaintiffs almost certainly cannot pass.” Blake v. Kroger Co., 224 Ga. App. 140, 153 (480 SE2d 199) (1996) (Blackburn, J., dissenting).
The very next year, our Supreme Court granted a writ of certiorari “to examine the appellate decisions which have as their crux a determination as a matter of law that an invitee failed to exercise ordinary care for personal safety,” and found the rulings, as a group, suspect for several reasons.
First, by routinely adjudicating as a matter of law questions of the plaintiff’s and defendant’s negligence, proximate cause, and the exercise of ordinary care, these decisions have made commonplace what is, in reality, an unusual circumstance in tort law, since as a general proposition issues of negligence, contributory negligence and lack of ordinary care for one’s own safety are not susceptible of summary adjudication but should be resolved by trial in the ordinary manner. The trial court can conclude as a matter of law that the facts do or do not show negligence on the part of the defendant or the plaintiff only where the evidence is plain, palpable and undisputable.
(Citations omitted.) Robinson v. Kroger Co., 268 Ga. 735, 739 (1) (493 SE2d 403) (1997).
Twelve years later, in a case involving a “Wet Floor” sign that caused a movie theater patron to trip, the Supreme Court reaffirmed the principle that “[a]n invitee like [Seago] is not bound to avoid hazards not usually present on the premises and which the invitee, exercising ordinary care, did not observe.”[4] (Citation and punctuation omitted.) American Multi-Cinema, Inc. v. Brown, 285 Ga. 442, 447 (3) (679 SE2d 25) (2009). The Court concluded, as I do in this case, that
[t]he decision whether to recognize [Seago’s] theory of recovery as valid under Georgia premises liability law is precisely the type of legal policy judgment we instructed in Robinson must be left to a jury to decide in light of all the attendant circumstances. It is one of the “routine” issues of premises liability — “the negligence of the defendant” — that is *704 “generally not susceptible of summary adjudication” unless the “plain, palpable, and undisputed” evidence requires otherwise.
Id.
The principle is quite simple, and it remains the law in this State that the proprietor is bound to exercise ordinary care to protect the invitee from unreasonable risks of which he or she has superior knowledge. Atlanta Gas Light Co. v. Gresham, 260 Ga. 391 (394 SE2d 345) (1990). Further, as this court stated more than 40 years ago, “[i]t is well-settled law that questions of negligence, diligence, contributory negligence, proximate cause, and the exercise of ordinary care for one’s protection ordinarily are to be decided by a jury.” Savannah Ice Delivery Co. v. Ayers, 127 Ga. App. 560, 561 (1) (194 SE2d 330) (1972).
To conclude that summary judgment was proper because Seago admitted that he had on one occasion seen a chain placed between two trees, despite his claim that on all other occasions, including the day of the injury, the chain was not present, and the fact that only the appellee had control over when and if the chain was in place, usurps the clearly defined role of the jury. While the majority notes that Seago repeatedly testified that he “assumed” the chain was down, that testimony could easily mean that Seago assumed it was down because he had not seen it earlier that day and therefore did not look for it while he was driving through the woods looking for tools.
The jury should determine whether, based on these facts, Seago acted in a reasonable manner amounting to ordinary care to discover and avoid those things that might cause him injury. See Lau’s Corp. v. Haskins, 261 Ga. 491 (405 SE2d 474) (1991). As further explained by Lau’s, “these issues may be decided by the court [only] in plain and palpable cases where reasonable minds cannot differ as to the conclusion to be reached.” (Citations and punctuation omitted; emphasis supplied.) Id. at 493. This is not such a case.
The Summary Judgment Act does not authorize the trial court to sit as both judge and jury, weighing the evidence and deciding issues that are traditionally for the jury. The sole function of the court on a motion for summary judgment is, rather, to determine whether there exists a genuine issue of material fact. In the instant case it is clear that such issues exist.
(Citations and punctuation omitted.) Collins v. Newman Machine Co., 190 Ga. App. 879, 884 (380 SE2d 314) (1989). See Butler v. Lewman & Co., 115 Ga. 752, 758 (42 SE 98) (1902) (worker fell into an *705 open elevator shaft on construction site and Supreme Court held that whether the worker “was, in point of fact, attempting to go upon a necessary errand and was exercising ordinary care, and whether the contractors were, in any or all of the particulars alleged, guilty of negligence which brought about the injuries complained of, were questions for the determination of a jury”). Here, the question of whether or not Seago exercised ordinary care on his own behalf, and whether and to what extent he was contributorily negligent, was for the jury to determine.
Decided March 30, 2015
Apolinsky & Associates, Stephen D. Apolinsky, Tona L. Shrum, for appellant.
Young, Thagard, Hoffman, Smith, Lawrence & Shenton, James B. Thagard, for appellee.
Because I believe that the trial court erred in granting appellee’s motion for summary judgment, I must respectfully dissent.
I am authorized to state that Judge Miller joins in this dissent.

 While the majority posits that evidence presents an issue as to whether Seago might have become a licensee because he answered “No” in response to the defendant’s question whether he was given permission to go onto this area of Earle’s property, Seago also testified that he was not told to avoid that area, that it was considered part of the crew’s work area, and that it was used by workers to traverse from one property to the other.