## A92A1091. FULMER v. THE STATE.
### (423 SE2d 300)

JOHNSON, Judge.

Broadus Walton Fulmer was convicted of kidnapping and rape. His motion for a new trial was denied and he appeals.

1. Fulmer contends that the trial court erred in admitting testimony from a forensic serologist as to the average length of time that spermatozoa remain in the vaginal cavity after sexual intercourse because the State did not provide this information to Fulmer in response to his pre-trial request, pursuant to OCGA § 17-7-211, for discovery of the State's written scientific reports. As the information testified to by the expert witness was not in writing, OCGA § 17-7-211 does not apply. *State v. Mulkey*, 252 Ga. 201 (1) (312 SE2d 601) (1984); *Law v. State*, 251 Ga. 525 (2) (307 SE2d 904) (1983). Accordingly, the trial court did not err in allowing this testimony.

2. Fulmer enumerates as error the trial court's refusal to suppress two incriminating statements made by him while in custody. Fulmer claims that the State failed to show that the statements were made voluntarily or that he waived his constitutional rights. A trial court's factual and credibility determinations as to the voluntariness of an

incriminating statement and as to a defendant's knowing and intelligent waiver of his rights must be accepted by appellate courts unless such determinations are clearly erroneous. *Stacy v. State,* 201 Ga. App. 256 (1) (410 SE2d 812) (1991); *Gurlaskie v. State,* 196 Ga. App. 794 (2) (397 SE2d 66) (1990). Fulmer, the officer who conducted both interviews of him and an officer who was present at one of the interviews testified at the *Jackson v. Denno* hearing. Fulmer claimed that he did not remember being interviewed because he had taken pain medication for gunshot wounds inflicted by his daughter, the kidnap and rape victim. The officer who interviewed Fulmer testified that prior to both interviews Fulmer was advised of his *Miranda* rights, no threats or promises were made to Fulmer, he appeared to understand his rights and so stated, and he agreed to talk to the officer. The State played a tape recording of the first interview for the court. The officer who witnessed the second interview verified that at that interview Fulmer was advised of his rights and made a knowing and voluntary waiver of those rights. Under these circumstances, the trial court's finding that Fulmer freely and voluntarily waived his constitutional rights was not clearly erroneous. See *Askew v. State,* 193 Ga. App. 61 (3) (387 SE2d 25) (1989).

3. Fulmer next argues that the trial court erred in denying his motion for a mistrial on the ground that the testimony of a defense witness improperly placed his character into evidence. During cross-examination by the prosecutor, the witness testified that Fulmer had touched him "in private places." Fulmer objected to the testimony and moved for a mistrial. The court denied Fulmer's motion, but gave curative instructions to the jury telling them that the testimony was improper and directing them to disregard it. "Where a witness voluntarily injects into the trial improper and prejudicial matters, whether a mistrial must be granted or whether the effect can be corrected by instructions to the jury is a matter within the discretion of the trial court. The trial court's ruling will not be disturbed on appeal absent an abuse of discretion, which does not exist if the curative instructions given can serve to prevent the alleged harmful testimony from having any prejudicial impact." (Citations and punctuation omitted.) *Hicks v. State,* 196 Ga. App. 25, 26 (2) (395 SE2d 349) (1990). Here, the trial court gave curative instructions that were sufficient to prevent the testimony from having a prejudicial impact on the jury's verdict. Accordingly, the court did not err in denying Fulmer's motion for a mistrial.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 2, 1992.

*Charles R. Sheppard,* for appellant.

*Michael C. Eubanks, District Attorney, Richard E. Thomas, Katherine F. Bond, Assistant District Attorneys,* for appellee.