## A93A0764. ELROD v. THE STATE.
(432 SE2d 808)

McMurray, Presiding Judge.

Defendant Elrod appeals his conviction of the offenses of aggravated sodomy, attempt to commit aggravated sodomy, and cruelty to children. *Held*:

1. Defendant enumerates as error the admission into evidence of the warrant under which he was arrested. At trial, defendant's only objection to this evidence was that the warrant was irrelevant since it charged the offense of child molestation, an offense different from that for which defendant was indicted. On appeal, defendant adds a contention for the first time that the affidavit attached to the arrest warrant was improperly admitted since it was a document such as substitutes for testimony and may not be taken to the jury room.

" ' "If counsel desires to preserve an objection upon a specific point for appeal, the objection must be made at trial upon that specific ground." (Cits.) An objection on a specific ground at trial waives any objection to that evidence on other grounds on appeal.' *Norman v. State*, 197 Ga. App. 333, 334 (2) (398 SE2d 395)." *Kelly v. State*, 204 Ga. App. 789 (1) (420 SE2d 651). The objection to the relevance of the evidence in question is without merit since it is well settled that all of the circumstances connected with an accused's arrest are admissible at trial for whatever value the jury desires to place on them and need not be excluded because they are prejudicial or incidentally place the defendant's character in issue. *Coney v. State*, 198 Ga. App. 272, 273 (3) (401 SE2d 304); *Leonard v. State*, 197 Ga. App. 221, 222 (1) (398 SE2d 250).

The additional issues regarding admission of the arrest warrant, which defendant attempts to raise for the first time on appeal, were not preserved by proper objection at trial, are deemed waived, and will not be considered. *Lewis v. State*, 205 Ga. App. 29 (1), 30 (421 SE2d 339); *Smith v. State*, 204 Ga. App. 576, 577 (2a) (420 SE2d 29); *Walls v. State*, 204 Ga. App. 348, 349 (2) (419 SE2d 344).

2. Defendant's remaining enumeration of error questions the sufficiency of the evidence to authorize his conviction. The State's evidence shows a history of repeated sexual conduct by defendant toward the victim including an incident during which defendant unsuccessfully attempted to force the victim's mouth to his penis. During another incident, defendant held the struggling victim down

while he ejaculated on him. The evidence was sufficient to authorize a rational trier of fact to find the defendant guilty beyond a reasonable doubt of the offenses of attempt to commit aggravated sodomy and cruelty to children. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Yebra v. State*, 206 Ga. App. 12, 14 (424 SE2d 318).

However, the State has failed to present sufficient proof of defendant's guilt of the offense of aggravated sodomy. In this connection, the State presented evidence that the defendant rubbed his penis against the victim's penis and "butt," and in his "crack." The genital to genital contact did not constitute sodomy as defined in OCGA § 16-6-2 (a). Furthermore, the record does not demonstrate that the terms "butt" and "crack" were used as references to the victim's anus rather than the inner cheeks of his buttocks. The evidence was not sufficient to prove beyond a reasonable doubt that defendant had committed an act of sodomy, that is, a sexual act involving the sexual organs of one person and the mouth or anus of another. OCGA § 16-6-2 (a). Consequently, defendant's conviction of the offense of aggravated sodomy must be reversed.

*Judgment affirmed in part and reversed in part. Beasley, P. J., and Cooper, J., concur.*

DECIDED APRIL 15, 1993.

*James L. Bass, Jeffrey L. Floyd*, for appellant.
*Roger Queen, District Attorney, William B. Britt, Assistant District Attorney*, for appellee.