A97A0580. MORGAN v. THE STATE.
(486 SE2d 632)

POPE, Presiding Judge.

Gregory Todd Morgan was convicted by a jury of three counts of child molestation and one count of aggravated child molestation; the court merged the child molestation counts. Morgan appeals, and for the following reasons, we affirm.

Viewing the evidence in the light most favorable to the verdict, the victim, six years old at the time of the molestation, told her aunt that Morgan had touched her in the "wrong places." The victim also told this aunt that Morgan fondled her breasts and put his penis "on her butt." Another aunt testified that the victim stated that she had to sleep in the same bed with Morgan one night and that he made her take her clothes off and fondled her chest and vagina. This aunt reported that the victim said that Morgan "rubbed his penis on her leg and on her butt" and made her play with his penis.

The victim told a child abuse investigator from the Department of Family & Children Services that Morgan touched her vaginal area and her buttocks. She further reported that Morgan rubbed his penis against her thigh and took off both his and her clothes. A sexual assault nurse examiner, Helen Frith, testified that she examined the victim, who told her that all of Morgan's "touches hurt." Frith testified that the victim said that Morgan threatened her and said he would hurt her with a gun or a knife if she did not rub her leg on his private parts. Both a knife and a gun were recovered from Morgan's house. Frith's physical examination revealed bruising and scarring in the victim's anal area and findings consistent with the abuse the victim described in the vaginal area. Frith testified that the bruising and scarring in the victim's anal area was probably caused by an object pressing against that area.

Various pornographic magazines and a deck of cards which were found at Morgan's home were introduced into evidence. There was

also testimony regarding several incidents in which Morgan exposed himself to a mail carrier.

1. Citing *Prickett v. State*, 220 Ga. App. 244 (469 SE2d 371) (1996), Morgan claims that the trial court erred in admitting evidence of similar transactions since the incidents were insufficiently similar. The State filed the requisite notice; the requisite hearing was held; and the court made the appropriate findings and determined that the evidence would be admissible for the limited purpose of showing Morgan's lustful disposition. The court charged the jury regarding the limited purpose for which the evidence was admissible both before the testimony regarding the similar transactions and in its final charge.

The similar transaction evidence was testimony of Brenda Geiger, who worked as a mail carrier, and Detective Manders of the Walton County Sheriff's Department. Geiger testified that five years before the charged molestations she observed Morgan standing by his mailbox and opening his bathrobe to reveal himself. Geiger testified that she observed Morgan six other times standing at his door with no clothes on. Detective Manders, who investigated one of the incidents, corroborated Geiger's testimony.

"The exception to the general rule that evidence of independent transactions is inadmissible has been most liberally extended in the area of sexual offenses. In crimes involving sexual offenses, evidence of similar transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both acts and sufficient similarity or connection between the independent transaction and the offenses charged." (Citation and punctuation omitted.) *Hathcock v. State*, 214 Ga. App. 188, 192 (8) (447 SE2d 104) (1994); see also *Helton v. State*, 206 Ga. App. 215 (424 SE2d 806) (1992); *Burris v. State*, 204 Ga. App. 806, 808 (1) (420 SE2d 582) (1992). In *Prickett v. State*, 220 Ga. App. at 244, which Morgan cites, this Court determined that, in the absence of limiting instructions, the crude gestures at issue were insufficiently similar to the forcible rapes for which Prickett was on trial to be admissible. In contrast, here the court properly instructed the jury on the limited purpose of the prior incidents and they were sufficiently similar to be admissible to show Morgan's state of mind and lustful disposition. See *King v. State*, 209 Ga. App. 529, 530 (2) (b) (433 SE2d 722) (1993).

2. Morgan claims that the court erred in denying his motion for a directed verdict as to aggravated child molestation. The indictment alleged that Morgan committed aggravated sodomy by performing an act of sodomy involving his sex organ and the victim's anus.

One of the victim's aunts testified that the victim said that Morgan rubbed his penis on her leg and on her butt. Another aunt testi-

fied that the victim stated that Morgan put his penis "on her butt." The physical examination of the victim revealed bruising and scarring of the victim's anus. Unlike the situation in *Elrod v. State*, 208 Ga. App. 787 (2) (432 SE2d 808) (1993), in this case the physical evidence was consistent with an act of sodomy. Moreover, penetration is not an element of sodomy. *Smith v. State*, 210 Ga. App. 634, 636 (2) (d) (437 SE2d 333) (1993). Accordingly, a rational trier of fact could find from the evidence adduced at trial proof of Morgan's guilt beyond a reasonable doubt of aggravated child molestation, *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and the court's denial of the motion for directed verdict was proper. See *McGuire v. State*, 209 Ga. App. 813, 814 (1) (a) (434 SE2d 802) (1993); *Wimpey v. State*, 180 Ga. App. 529, 530 (2) (349 SE2d 773) (1986); *Cooper v. State*, 180 Ga. App. 37 (1) (348 SE2d 486) (1986).

3. Citing OCGA § 24-3-16 and *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987), Morgan argues that the trial court erred in denying his motion to strike the hearsay testimony of several of the State's witnesses after the victim stated on direct examination that she did not want to talk about the incident. When the child stated that she did not want to talk about the incident, the State concluded its questioning. Nevertheless, defense counsel cross-examined the victim regarding the incident, and, in fact, she denied that Morgan had touched her chest.

Morgan's arguments were resolved adversely to him in *Byrd v. State*, 204 Ga. App. 252 (1) (419 SE2d 111) (1992). See also *Bright v. State*, 197 Ga. App. 784, 785 (4) (400 SE2d 18) (1990).

4. (a) Morgan claims that the court erred in overruling his objection to the mother's testimony regarding the victim's reputation as a student. Assuming without deciding that the testimony was erroneously admitted, any error was harmless since it is highly probable that such error did not contribute to the jury's verdict. See, e.g., *Pardo v. State*, 215 Ga. App. 317 (2) (450 SE2d 440) (1994).

(b) Morgan claims the trial court erred in overruling his objection to testimony regarding his visitation rights with the victim. Again, even assuming that Morgan's argument is valid, any such error was harmless.

(c) Finally, Morgan claims that the court erred in refusing to allow the examining nurse's worksheet to go out with the jury on the ground that it constituted a "continuing witness." Again, regardless of the substantive merit of this argument, any alleged error in excluding the evidence would have been harmless. See *Buckner v. State*, 219 Ga. App. 71, 74 (5) (464 SE2d 11) (1995).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED MAY 1, 1997.

Before Judge George.

Timothy L. Lam, for appellant.

Fredric D. Bright, District Attorney, Shelley S. Tice, Assistant District Attorney, for appellee.