## A97A2179. WILSON v. THE STATE.
(494 SE2d 238)

Judge Harold R. Banke.

Dwight Wayne Wilson was convicted of child molestation, aggravated sexual battery and two counts of aggravated child molestation.

He enumerates four errors on appeal.[1]

This case arose after the victim, a seven-year-old female, told a school friend that her "Papa," her grandmother's husband, had "sex abused" her. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). This occurred during several days while the victim, who lived with her grandmother, was home from school with lice. After treating her for lice, Wilson placed his finger in her "private places." Wilson also placed his tongue in her mouth, licked her vagina, and touched her vagina and rectum with his penis.

The victim told a school friend about the abuse during a telephone call. During this conversation, the friend's brother was listening on an extension and he described it to his mother. After talking with the victim, the friend's mother called the victim's grandmother at work and told her what had happened. The grandmother called her husband and then immediately returned home to find Wilson raking leaves and the victim crying hysterically under her bed. After calming the victim for 20 minutes, the grandmother convinced her to come out and they went for a ride and talked. The victim stated that Wilson had threatened to beat her if she ever told what happened. When the grandmother returned and confronted Wilson, he denied harming the child, but threatened to kill the child, the grandmother, and the friend's mother if the accusations became known. The victim and her grandmother moved out that night. The grandmother told the victim not to talk about the incidents and did not report Wilson to the police because she was afraid.

A week later, during a "good touch bad touch" lesson at school, the victim blurted out, "that's what my papa did to me." The teacher met privately with the victim and then informed the authorities, who subsequently arrested Wilson. *Held*:

1. The trial court did not err in denying Wilson's motion in limine to exclude the testimony of Rachelle Strausner, an assistant district attorney with special child abuse training who participated in the investigation. Wilson's sole ground for so moving was that Strausner's testimony contravened Directory Rule 5-102 of the Canons of Ethics, Rules and Regulations of the Organization and Government of the State Bar of Georgia, which prohibits attorneys from testifying for their clients except as to purely formal matters.[2]

---

[1] The record shows that Wilson voluntarily absented himself during trial and remained absent for the motion for new trial hearing. Because Wilson was a fugitive from justice, the trial court properly dismissed the motion for new trial. *Gentry v. State*, 91 Ga. 669, 671 (17 SE 956) (1893). Wilson's counsel timely filed a notice of appeal of this final disposition. OCGA § 5-6-38 (a). In his appellate brief, Wilson's counsel avers that Wilson is now in custody.

[2] Rule 5-102 states: "When a lawyer is a witness for his client, except as to merely for-

Rule 5-102 does not apply because the victim was not Strausner's client and Strausner did not try the case. See *Ambles v. State*, 259 Ga. 406, 409 (2) (b) (383 SE2d 555) (1989) (The only parties to a criminal prosecution are the state, as represented by the prosecutor, and the defendant.).

2. Strausner's involvement in the case did not implicate the theory of imputed disqualification and bar another assistant district attorney from trying the case. *Brown v. State*, 261 Ga. 66, 72 (9) (401 SE2d 492) (1991); see *Holiday v. State*, 258 Ga. 393, 397 (9) (369 SE2d 241) (1988); *Frazier v. State*, 257 Ga. 690, 694 (9) (362 SE2d 351) (1987).

3. We reject Wilson's claim that the trial court's denial of his motion for mistrial warrants reversal. Before trial, the court granted Wilson's motion in limine to exclude mention of alcohol use or abuse. Wilson subsequently sought a mistrial after the State's psychologist unresponsively mentioned that the victim had told her Wilson french kissed her in his truck and alcohol was hidden beneath the seat. While this unsolicited testimony technically violates the ruling on the motion in limine, Wilson failed to satisfy his burden of showing harm, inasmuch as mere possession of alcohol is not a crime and is irrelevant to character. *Jordan v. Johnson*, 223 Ga. App. 875, 876 (479 SE2d 175) (1996); *Mungin v. State*, 183 Ga. App. 290, 291 (3) (358 SE2d 673) (1987).

4. The denial of Wilson's motion for mistrial does not require reversal. After the State asked the witness whether it would be unusual for a seven-year-old who had been instructed to remain silent about an event to tell a peer rather than an adult, Wilson objected and then moved for a mistrial. The court sustained the objection and the witness never responded to the question. Because the witness never answered, Wilson cannot show harm from the alleged error in denying his motion for mistrial. *Berry v. State*, 210 Ga. App. 789, 791 (4) (437 SE2d 630) (1993) (unanswered questions provide no grounds for mistrial).

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 5, 1997 —
RECONSIDERATION DENIED NOVEMBER 25, 1997.

*Edwin Marger*, for appellant.

---

mal matters, such as the attestation or custody of an instrument and the like, he should leave the trial of the case to other counsel. Except when essential to the ends of justice, a lawyer should avoid testifying in court on behalf of his client." *Castell v. Kemp*, 254 Ga. 556, 557 (331 SE2d 528) (1985).

544

*Garry T. Moss, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.