## A99A0959. DAVIS v. THE STATE.
### (520 SE2d 475)

Judge Harold R. Banke.

After Douglas Davis was found guilty of battery by reason of intentionally causing visible bodily injury to the victim, he received First Offender treatment. Following the denial of his motion for new trial, he appeals.

The victim was Davis' estranged wife. The State's evidence showed that she became extremely upset when she was served with a complaint for divorce filed against her by Davis. She later went to his condominium to confront him. After she spit on him, he pushed her down and began banging her head against the floor and hitting her with his fists. Upon returning to her home, she summoned the police at the insistence of a friend.

Officers Rogers and Ayers responded to the call several hours after the incident had taken place. Rogers testified that the victim had sustained numerous physical injuries. She had a broken lip that was still bleeding, facial abrasions, contusions to her hip and forearm areas, and a sprained wrist. On her head, she also had a knot that was forming. The officers swore out a domestic violence warrant against defendant because the victim was too scared to do so. At trial, defendant testified that the victim was stalking his residence on the night in question. According to defendant, the victim physically attacked him, and he did nothing more than defend himself. *Held*:

1. Davis first contends that the trial court erred in denying his motion in limine.

Before the trial court, Davis argued that at a prior hearing the victim had given unsolicited testimony concerning adultery by him, and the defense moved in limine to exclude any evidence on this subject. The court refused to grant the motion, ruling that defendant's adultery might become relevant depending on what the evidence showed. The court did, however, direct the prosecuting attorney to frame her questions so as to elicit relevant information from State's witnesses and to instruct the witnesses to respond to questioning in like fashion. On appeal, Davis argues that other, more explicit directions should have been given, although none was requested. Under the circumstances, we find no abuse of discretion in the court's ruling on the motion. *Wright v. State*, 233 Ga. App. 358, 359 (1) (504 SE2d 261) (1998).

2. Davis contends that the court erred in refusing to declare a mistrial when during the course of the victim's testimony she implied that he had battered her before.

Davis claims that this testimony constituted similar transaction evidence of which he had not been given the pretrial notice required by Uniform Superior Court Rule 31. However, it has been held that

Rule 31 does not apply to instances of prior difficulties between the defendant and victim. *Wall v. State*, 269 Ga. 506, 509 (2) (500 SE2d 904) (1998). Consequently, this enumeration is without merit.

3. Davis charges the court with error in denying his motions for mistrial because the State introduced evidence which improperly placed his character in issue.

On direct examination, the victim testified that as she was approaching defendant's residence on the night in question, she observed a car enter the driveway, thought it was defendant's girlfriend, and hid behind a tree to avoid a confrontation. When the victim discovered that the person in the car was Davis' roommate, she proceeded into the house. Davis did not object to this testimony, as it was properly admitted to explain the victim's conduct. Davis did, however, move for a mistrial when the victim, in later explaining why she directed certain comments at Davis before their altercation, again alluded to the fact that he had a girlfriend. Davis later moved for a mistrial when the victim referred to him as "a snake in the grass." A mistrial was also sought when Officer Rogers, in describing the victim's fear of Davis, testified that she had told him that Davis had come into her house several times through a back door.

> When prejudicial matter is improperly placed before the jury, a mistrial is appropriate if it is essential to the preservation of the defendant's right to a fair trial. [Cit.] Whether the statements are so prejudicial as to warrant a mistrial is within the trial court's discretion. [Cits.] A trial court's denial of a motion for mistrial based on the improper admission of bad character evidence is reviewed for abuse of discretion by examining factors and circumstances, including "the nature of the statement, the other evidence in the case, and the action taken by the court and counsel concerning the impropriety." [Cits.]

*White v. State*, 268 Ga. 28, 32 (4) (486 SE2d 338) (1997).

Given the nature of the witnesses' statements and the other evidence introduced at trial, the court was authorized to find that nothing which was introduced was so prejudicial as to require the declaration of a mistrial.

4. Davis contends that the court erred in denying his motions for mistrial as a result of Officer Rogers being asked whether, at the time of his arrest, Davis had admitted striking the victim.

Davis complains that the question called for the witness to make an impermissible comment on his post-arrest silence. See *Cromwell v. State*, 218 Ga. App. 481 (1) (462 SE2d 388) (1995). While that is true, Rogers' response to the question was that he could not recall

whether Davis had made such a statement. Consequently, there was no harm. *Wilson v. State*, 229 Ga. App. 541, 543 (4) (494 SE2d 238) (1997). Moreover, the court instructed the jury to disregard the question and answer, and Davis did not renew his motion for mistrial after this curative instruction was given.

5. Davis contends that the court erred in instructing the jury that the criminal charges had been brought against him by the court rather than the State.

In the course of instructing the jury, the court made repeated references to the criminal "charges" against the defendant and the court's "charges" to the jury. At one point, the court commented that "the court has charged the defendant" with battery. In this case, as in *Moak v. State*, 222 Ga. App. 36, 40 (4) (473 SE2d 576) (1996), the asserted error was a slip of the tongue which apparently went undetected until a post-trial review of the transcript. Since it in no way appears that this verbal slip could have contributed to the verdict, the error was harmless. *Banks v. State*, 191 Ga. App. 344, 345 (3) (381 SE2d 548) (1989).

6. Finally, Davis challenges the sufficiency of the evidence to support the verdict.

Whether Davis caused the victim's bodily injuries under circumstances constituting the criminal offense of battery was a question for the jury. Construed in a light most favorable to the verdict, the evidence supports the jury's finding that Davis is guilty of battery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 28, 1999 — CERT. APPLIED FOR.

*Ray B. Gary, Jr.*, for appellant.
*Barry E. Morgan, Solicitor, Katherine L. Kissam, Assistant Solicitor*, for appellee.