## A01A1310. FOWLER v. THE STATE.
(554 SE2d 808)

SMITH, Presiding Judge.

Jack Fowler was indicted by a Clarke County grand jury on one count of child molestation and one count of aggravated sexual battery. He was acquitted of the latter charge but found guilty of child molestation. After denial of his motion for new trial, Fowler filed an appeal with this court that was dismissed as untimely. After the trial court's grant of leave to file an out-of-time appeal, Fowler again appeals, asserting two enumerations of error. Finding no error, we affirm.

1. Fowler first complains that the trial court erred in denying his motion for a mistrial after the victim began to cry during closing argument by the defense. In response to Fowler's objection, the trial court made inquiries, instructed the prosecutor to tell the family not to show any emotion, and stated its intention "to find out from the jury if it had any effect on them." Fowler also asked for a curative instruction, which the trial court gave. After its instruction, the trial court inquired of the jurors whether they would be able to follow its instructions and disregard any display of emotion. The jurors responded unanimously that they would do so. Fowler did not renew his motion for mistrial or interpose further objection. Because Fowler "failed to object or renew his motion for a mistrial after these curative instructions, he failed to preserve the issue for appeal. [Cit.] Consequently, this enumeration of error presents nothing for review." *Hodges v. State*, 249 Ga. App. 268, 271 (3) (547 SE2d 386) (2001).

2. Fowler also complains that the evidence was insufficient to support his conviction because the victim did not testify in person, but only by taped interview. He does not challenge the admission of testimony by witnesses admitted under the Child Hearsay Statute, OCGA § 24-3-16, or the trial court's determination of the indicia of reliability under that statute. But he contends that without the testimony of the victim, the evidence against him is insufficient.

There is no legal requirement that a child victim testify in person; in fact, the purposes of the Child Hearsay Statute, OCGA § 24-3-16, include the presentation of evidence without the in-person testimony of the child victim:

> There are several compelling reasons for allowing a child victim's hearsay statements to come into evidence, including (1) society's desire to spare children who are subjected to abuse from further unnecessary trauma in the courtroom; (2) ensuring that the jury hears the statement of a child who has been traumatized by abuse and is psychologically unable to recount that incident while testifying; and (3) to pro-

tect the rights of victimized children who cannot defend those rights for themselves.

*Woodard v. State*, 269 Ga. 317, 323 (3) (496 SE2d 896) (1998). Fowler in essence argues that this court should reweigh the evidence presented at trial because it was submitted under the Child Hearsay Statute, but "[i]t is not the function of this Court to reweigh the evidence or to determine the credibility of witnesses." (Footnote omitted.) *Robbins v. State*, 243 Ga. App. 21, 22 (1) (532 SE2d 127) (2000). This enumeration of error is without merit.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED OCTOBER 9, 2001.

*Elizabeth M. Grant*, for appellant.

*Kenneth W. Mauldin, District Attorney, Phillip C. Griffeth, Assistant District Attorney*, for appellee.