## A05A0278. DELK v. THE STATE.
### (619 SE2d 310)

BARNES, Judge.

Joseph Delk, Sr., appeals his conviction for child molestation of one of his granddaughters. He contends the trial court erred by admitting evidence of two similar transactions showing that he had molested another of his granddaughters and a great-granddaughter, and by denying his motion for a new trial because the evidence was insufficient to support his conviction. We disagree and affirm.

The principles applicable to appellate review of a criminal conviction are stated in *Taylor v. State,* 226 Ga. App. 254, 255 (485 SE2d 830) (1997). Viewed in the light most favorable to the verdict, the transcript of the evidence shows that the fifteen-year-old victim, one of Delk's granddaughters, testified that he molested her in his home and in his pickup truck between the time she was in kindergarten until about the time she was in the sixth grade by fondling and inserting his finger into her vagina. Also on one occasion he masturbated in front of her and had her "rub his private parts." Further, a physician, who was qualified as an expert witness, testified that she found physical evidence that was "consistent with penetration and sexual abuse." She found mature scar tissue from a significant tear in the victim's hymen.

The State also presented evidence that Delk molested another of his granddaughters and one of his great-granddaughters. The granddaughter, now thirty, testified that when she was between three and six Delk molested her by fingering her vagina. These acts occurred in Delk's camper near the home of a family member in Wyoming.

One of Delk's great-granddaughters, five at the time of the trial, reported that she was about four, sometime in April 2003, when Delk molested her while they were riding on a lawnmower. He touched her "pee-pee" inside her panties and it hurt. Because of her age, her complaints were related by a Georgia Bureau of Investigation investigator and a Department of Family and Children Services investigator.

Although Delk testified in his own behalf denying these allegations, and other family members supported his testimony, the jury found him guilty. After the trial court denied his motion for new trial, Delk filed this appeal.

1. Delk contends the trial court erred by denying his motion for a new trial because the testimony regarding the similar transactions was not corroborated by other testimony or facts and the testimony of the defendant and other family members refuted the victim's testimony. Therefore, he contends the evidence is insufficient to sustain his conviction.

The test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), is the appropriate one to use when the sufficiency of the evidence is challenged, whether the challenge is from the denial of a directed verdict or the denial of a motion for new trial based upon alleged insufficiency of the evidence. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). When determining whether the evidence was sufficient, however, appellate courts must give deference to the jury's determination of the weight and credibility to be given the evidence, *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001), and "[i]t is the jury's prerogative to choose what evidence to believe and what to reject." *Trammell v. State*, 253 Ga. App. 725, 726 (1) (560 SE2d 312) (2002).

Considering the testimony of Delk's granddaughters discussed above, in the light most favorable to the jury's determination and giving deference to the jury's role as the finder of facts, we conclude that a rational trier of fact could have found Delk guilty of the crime for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, supra. The victim's testimony alone was sufficient to support the jury's verdict. OCGA § 24-4-8; *Maloy v. State*, 237 Ga. App. 873, 874 (1) (516 SE2d 370) (1999). Accordingly, this enumeration of error is without merit.

2. Delk contends the trial court erred by admitting the similar transaction evidence from his older granddaughter because the incident happened too long ago. See *Gilstrap v. State*, 261 Ga. 798, 799 (1) (b) (410 SE2d 423) (1991) (an incident 31 years in the past is too remote). Delk further contends the State failed to prove his bent of mind or lustful disposition, that he committed the independent offenses, and that they showed a pattern of behavior.

Because the granddaughter's testimony showed that she was molested 25 years earlier, *Gilstrap* is not controlling. Further, in other sexual abuse cases this court has allowed the admission of similar transaction evidence that was more than 20 years older than the offense charged when the cases involved a continuous course of criminal conduct involving different generations of the same family. See, e.g., *Nichols v. State*, 221 Ga. App. 600, 601-602 (3) (473 SE2d

491) (1996); *Snow v. State*, 213 Ga. App. 571, 572 (2) (445 SE2d 353) (1994); *Starnes v. State*, 205 Ga. App. 882, 883 (1) (424 SE2d 4) (1992); *Cooper v. State*, 173 Ga. App. 254, 255 (1) (325 SE2d 877) (1985). Compare *Tyson v. State*, 232 Ga. App. 732, 733 (1) (503 SE2d 640) (1998) (evidence of similar transaction not authorized when too remote and no continuous course of conduct shown). Thus, under the evidence in this case, the lapse of time between the similar transaction and the offense charged is not such a deciding factor that it made the Wyoming evidence inadmissible. "The lapse of time between the prior occurrences and the offenses charged goes to the weight and credibility of such testimony, not its admissibility." *Cooper v. State*, supra, 173 Ga. App. at 255-256.

Further, the prosecution met its burden for establishing the admissibility of the similar transaction evidence established in *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). Before evidence of independent offenses or acts was admitted, the prosecution served notice of its intent to present evidence of similar transactions, and the trial court held an evidentiary hearing pursuant to Uniform Superior Court Rule 31.3 (B). At the hearing, the State showed affirmatively for the two similar transactions that the evidence about the other molestations was not intended to raise an improper inference about Delk's character, but was introduced for a purpose that was an exception to the general rule against inadmissibility, that sufficient evidence existed to prove that Delk committed the independent acts, and that sufficient connection or similarity between the independent offense or act existed that proof of the former tended to prove the latter. *Williams v. State*, supra, 261 Ga. at 642 (c). At the hearing, Delk did not dispute that the similar transaction evidence was similar to the act for which he was charged. Further, the trial court found on the record that the State made a satisfactory showing that each of these elements has been made as to the other similar transactions, and that the two similar transactions were "admissible to show bent of mind or lustful disposition of the defendant." Additionally, the trial court found that the testimony concerning the molestation in Wyoming was not too remote in time to be admissible, even though it had occurred some 25 years before the offense for which Delk was charged.

In this State,

> [t]he rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses. *Wells v. State*, 208 Ga. App. 298, 303 (2) (b) (430 SE2d 611) (1993). The lapse of time between the charged offense

and the similar transaction must be considered when deciding whether to admit evidence of independent crimes; however, particularly in cases involving the sexual exploitation of young family members over generations, the remoteness in time is not wholly determinative, but goes to weight and credibility. *Bryson v. State*, 210 Ga. App. 642, 643 (437 SE2d 352) (1993); *Hall v. State*, 204 Ga. App. 469, 471 (1) (419 SE2d 503) (1992).

*Nichols v. State*, supra, 221 Ga. App. at 601-602 (3). Further,

[i]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offenses charged.

(Citation and punctuation omitted.) *Hogan v. State*, 272 Ga. App. 19, 21 (1) (611 SE2d 689) (2005).

We find that the degree of similarity between the offense charged and the two similar transactions was such that proof of the former tended to prove the latter. Contrary to Delk's allegation, the general rules concerning admission of similar transaction evidence are not changed merely because a similar transaction occurs after the offense charged. *Riley v. State*, 196 Ga. App. 148, 149 (1) (395 SE2d 394) (1990); *Flowers v. State*, 191 Ga. App. 396, 398 (2) (381 SE2d 768) (1989).

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 24, 2005 —
RECONSIDERATION DENIED JULY 11, 2005.

*Smith & Cannon, Judson F. Smith, Jr.*, for appellant.
*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.