A07A0736. PRUDHOMME v. THE STATE.
(647 SE2d 343)

BERNES, Judge.
Richard Allen Prudhomme was convicted by a Gordon County jury of three counts of aggravated child molestation and one count of aggravated sodomy. He appeals, contending that the evidence was insufficient to support his convictions and the trial court erred in denying his motions for directed verdict of acquittal. For the reasons that follow, we affirm.

1. Prudhomme first contends that the evidence was insufficient to support his conviction of three counts of aggravated child molestation.[1] He argues that there was no evidence of contact between his penis and the victim's anus as alleged in each count of the indictment. We disagree.

"On appeal, the standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction." *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

[T]he evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]. Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Citation and punctuation omitted.) *Wilkerson v. State*, 267 Ga. App. 585, 587 (1) (600 SE2d 677) (2004).

So viewed, the evidence adduced at trial shows that Prudhomme was the victim's stepfather and that at the time the molestations were alleged to have occurred, the victim was five or six years old and was residing with Prudhomme and her mother. The victim disclosed the molestations several years later after she had begun residing with her biological father and stepmother. At trial, she recounted three separate molestation incidents committed against her by Prudhomme.

The first incident occurred when the victim was alone with Prudhomme in his bedroom. Prudhomme directed her to pull her pants down and then placed his penis "[i]n [her] behind." During a

---

[1] "A person commits the offense of aggravated child molestation when such person commits an offense of child molestation which . . . involves an act of sodomy." OCGA § 16-6-4 (c). In turn, "[a] person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person." OCGA § 16-6-4 (a). An act of sodomy includes "any sexual act involving the sex organs of one person and the . . . anus of another." OCGA § 16-6-2 (a) (1).

subsequent incident, Prudhomme called the victim into his bedroom, "pulled down [her] pants and stuck his [penis] in" the "private part . . . that [the victim] would use to go number two."

The third incident occurred while the victim and Prudhomme were in a vehicle driving back home after a trip to the store. As they were traveling down a road approximately one mile from their residence, Prudhomme unzipped his pants and made the victim sit in his lap. Although the victim testified at one point that she did not know whether Prudhomme touched her with his penis during this incident, she otherwise testified that all of the described incidents of touching involved her "bottom" and "number two."

Evidence of a fourth incident was admitted into evidence at trial by way of the victim's videotaped interview with the investigating detective. According to the victim, the fourth incident occurred when her mother was incarcerated and the victim was home alone with Prudhomme. While they were lying in Prudhomme's bed, Prudhomme pulled the victim's panties down and engaged in an act of anal sodomy similar to the other incidents.

The victim testified at trial that she did not tell her mother about the molestations because she was afraid that her mother would not love her anymore. Eventually, after the victim's mother lost custody of the victim, and the victim moved in with her biological father and stepmother, the victim disclosed the molestations to her best friend because "[she] couldn't hold it in any longer." The victim asked her friend to keep the disclosure a secret, but the friend disclosed the molestations to a school counselor.

In a meeting with the school counselor and her father and stepmother, the victim reluctantly admitted that Prudhomme had anally sodomized her. Later that same day, the victim opened up to her stepmother and disclosed more details about the molestations. The victim demonstrated the touching, and stated that Prudhomme had "entered her from behind" and "pushed himself into her behind or her bottom."

This evidence was sufficient to authorize Prudhomme's conviction of the three counts of aggravated child molestation beyond a reasonable doubt. See OCGA § 16-6-4 (c); *Morgan v. State*, 226 Ga. App. 327, 329 (2) (486 SE2d 632) (1997) (testimony that the defendant put his penis "on [the victim's] butt" was sufficient to sustain the conviction for aggravated child molestation based upon an act of sodomy); *Morgan v. State*, 191 Ga. App. 279 (381 SE2d 427) (1989) (affirming aggravated child molestation conviction based upon testimony of the victim). See also *Bryson v. State*, 282 Ga. App. 36, 37-38 (1) (a) (638 SE2d 181) (2006) (victim's testimony that the defendant had touched the victim's "behind" with the defendant's "private part" was sufficient to authorize aggravated sodomy conviction).

Appellant nevertheless argues that the evidence is insufficient based on an alleged inconsistency in the victim's description of the acts of molestation. Any such inconsistency was a matter of credibility for the jury to resolve, not this Court. See *Fiek v. State*, 266 Ga. App. 523, 527 (4) (597 SE2d 585) (2004). Any rational trier of fact could have found beyond a reasonable doubt that Prudhomme was guilty of three counts of aggravated child molestation. *Jackson v. Virginia*, 443 U. S. at 307. Thus, the trial court did not err in denying Prudhomme's motions for directed verdict of acquittal.

2. Prudhomme next contends that the state failed to prove that the aggravated sodomy crime occurred in Gordon County, where he was prosecuted.

> Generally, a criminal action must be tried in the county in which the crime was committed (Ga. Const. 1983, Art. VI, Sec. II, Par. VI; OCGA § 17-2-2 (a)), and the State may establish venue by whatever means of proof are available to it, including direct and circumstantial evidence. As an appellate court, we view the evidence in a light most favorable to support the verdict and determine whether the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt that the crime was committed in the county where the defendant was indicted.

(Citation omitted.) *Chapman v. State*, 275 Ga. 314, 317 (4) (565 SE2d 442) (2002). See also *Jones v. State*, 272 Ga. 900, 903-904 (3) (537 SE2d 80) (2000).

The aggravated sodomy charge alleged in the indictment was based upon the incident that occurred while Prudhomme and the victim were in a vehicle traveling on a road approximately one mile away from their Gordon County residence. "[W]here a crime is committed upon a vehicle traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the vehicle traveled." (Punctuation and footnote omitted.) *Harris v. State*, 279 Ga. App. 570, 573 (2) (631 SE2d 772) (2006). See OCGA § 17-2-2 (e). Here, the evidence established that the vehicle in which the aggravated sodomy occurred traveled through Gordon County, and thus, the state proved venue as to this crime beyond a reasonable doubt. Id.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED JUNE 4, 2007.

*Kelley A. Dial*, for appellant.

*T. Joseph Campbell, District Attorney, Stewart D. Bratcher, Assistant District Attorney*, for appellee.