## A07A1128. BOYNTON v. THE STATE.
### (653 SE2d 110)

JOHNSON, Presiding Judge.

A jury found Jeffrey Boynton guilty of five counts of child molestation, one count of sexual battery, three counts of aggravated child molestation, and one count of incest, for offenses committed against his two nieces. He appeals from the convictions entered on the verdict, challenging the sufficiency of the evidence to support the convictions on nine of the counts. He also contends the court erred in admitting similar transaction evidence because it was too old, and in allowing testimony that he gave one of the victims illegal drugs. The arguments are without merit, so we affirm the convictions.

1. Boynton contends the evidence was insufficient to find him guilty of committing child molestation as alleged in Count 2 of the indictment. That count alleged that Boynton committed the act of child molestation by placing his hand on L. B.'s vagina with the intent to arouse and satisfy his sexual desires. Boynton's sufficiency challenge is based solely on the argument that the state failed to prove that the child was under the age of 16 when the alleged acts occurred. The evidence was sufficient.

On appeal, the evidence is viewed in the light most favorable to support the verdict, and a defendant no longer enjoys a presumption

---

[15] *Chong v. Reebaa Constr. Co.*, 284 Ga. App. 830, 834 (3) (645 SE2d 47) (2007).
[16] (Citation and punctuation omitted.) Id.

of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[1] The standard for reviewing a challenge to the sufficiency of the evidence is whether the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.[2]

Seventeen-year-old L. B. testified that she was "either 14 or 15" years old when Boynton first started touching her inappropriately, and that he touched her buttocks, vaginal area and breasts. She testified that the incidents happened about ten to twenty times, and that "all of that happened" when she was in the eighth grade. She clarified that she was 15 years old in the eighth grade.

A victim's testimony alone may be sufficient to support a conviction.[3] This Court does not reweigh the evidence presented at trial or determine the credibility of witnesses.[4] A rational trier of fact could have found from the evidence presented that Boynton was guilty beyond a reasonable doubt of committing the offense of child molestation as alleged in Count 2.[5]

2. Boynton contends the evidence was insufficient to support the verdict on Counts 4 through 11.[6] Specifically, he urges that the victim, J. B., was not credible given inconsistencies in her testimony, her testimony that she had been "far gone on drugs," and her testimony that she had tried to forget everything. In light of this, he argues, the state failed to present credible evidence that the offenses occurred before the victim turned 16.

Twenty-one-year-old J. B. testified that she, Boynton and several other relatives lived at her grandmother's house. Boynton went into her room at night while she was in bed, touched her "all over," including on her breasts and vagina, penetrated her vagina with his fingers, kissed her on her mouth, made her perform oral sex on him, and had sexual intercourse with her. When asked "[a]bout how old" she thought she was when the molestation started, she replied "Fifteen." J. B. testified that Boynton began performing oral sex on

---

[1] *Carson v. State*, 259 Ga. App. 21 (1) (576 SE2d 12) (2002).

[2] Id.

[3] *Gibbs v. State*, 256 Ga. App. 559, 560 (568 SE2d 850) (2002).

[4] *Fowler v. State*, 251 Ga. App. 787, 788 (2) (554 SE2d 808) (2001).

[5] See *Redman v. State*, 281 Ga. App. 605, 606 (1) (636 SE2d 680) (2006).

[6] The indictment charged the following: Count 4 – Sexual battery – touching the child's buttocks; Count 5 – Child molestation – placing his hand on the child's vagina; Count 6 – Child molestation – placing his hand on the child's breast; Count 7 – Child molestation – having the child place her hand on his penis; Count 8 – Child molestation – placing his penis on the child's vagina; Count 9 – Aggravated child molestation – placing his mouth on the child's vagina; Count 10 – Aggravated child molestation – having the child place her mouth on his penis; Count 11 – Aggravated child molestation – placing his penis in the child's anus.

her a few weeks later, when she was "[p]robably the same age because it wasn't too long after" he started committing the other sexual offenses. About a month after the first incidents occurred, Boynton began having anal sex with J. B. J. B. testified that Boynton committed these offenses often, at least once per week and sometimes every day, until she turned 18 and moved out of the house. J. B. also testified that the incidents occurred once a month or once every few weeks, and that they began when she was 15 and continued until she turned 19 years old. On cross-examination, she stated that she was 15 when "all this was going on." When confronted with inconsistencies in her testimony, J. B. responded that she was on drugs during that period because she was trying "to forget everything before it could even settle in."

The state also presented similar transaction evidence showing that years earlier Boynton touched the vagina of a seven-year-old niece on two occasions; molested another niece on several occasions when she was between three and six years old, by touching her vagina with his mouth and hands and making her perform oral sex upon him; and touched the breasts and vagina of a twelve-year-old cousin.

It is not the function of this Court to determine the credibility of witnesses.[7] Any inconsistencies in the victim's testimony were for the jury to resolve.[8] A rational trier of fact could have found Boynton guilty beyond a reasonable doubt of committing the charged offenses.[9]

3. Boynton contends the trial court erred in allowing the state to introduce evidence of similar transactions that happened 16, 26, and 29 years before trial. This argument presents no basis for reversal.

At issue is the following testimony: One of Boynton's nieces testified that Boynton touched her vagina, performed oral sex on her and made her perform oral sex on him from 1976 to 1979, when she was between three and six years old. Another niece testified that Boynton touched her vagina twice in 1979, when she was seven years old. No charges were filed in either of those cases. A sheriff's deputy testified that Boynton was convicted of two counts of child molestation in 1989 for touching his twelve-year-old cousin's breasts and vagina.

When a defendant is charged with sexually abusing a child, evidence of prior sex crimes against children is admissible because such conduct requires a unique bent of mind.[10] Allowing similar

---

[7] *Fowler*, supra.

[8] *Prudhomme v. State*, 285 Ga. App. 662, 663 (1) (647 SE2d 343) (2007).

[9] Id. at 664 (1).

[10] *Hoffman v. State*, 259 Ga. App. 131, 133 (1) (576 SE2d 102) (2003).

transaction evidence is most liberally extended in the area of sexual offenses, particularly sexual offenses against children.[11] We have upheld the introduction of similar transaction evidence up to 34 years old where, as here, the evidence shows a pattern of sexual abuse against several generations of members of the same family.[12] The lapse of time between these offenses goes to the weight and credibility of the testimony, not to its admissibility.[13] The court did not err in admitting the evidence.

4. Boynton contends the trial court erred in denying his motion in limine to exclude J. B.'s testimony that he gave her drugs. In a pre-trial hearing, the state argued that it expected J. B. to testify that Boynton provided her with drugs in order to get sex from her. Boynton moved to exclude the anticipated testimony because he had not been charged with any drug offenses and it would "make [Boynton] look worse." The court opined that the evidence was relevant under the circumstances, and admitted it.

At trial, the state asked J. B. if she had ever been convicted of a crime. She replied that she had pleaded guilty to attempting to obtain a controlled substance by fraud. When asked about her drug use, she stated that she started using drugs with friends, but that Boynton gave her drugs "a lot." She testified that Boynton did not tell her why he was giving her drugs, but added that he would give her drugs before or after he "would start messing with" her and that "it always led up to intercourse."

Boynton urges that this testimony was different from the testimony the state predicted J. B. would give — that Boynton gave her drugs in exchange for sex. Because the testimony was not what the state had said it would be, Boynton claims, the court erred in denying his motion in limine. This argument presents no basis for reversal.

A motion in limine is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.[14] The trial court properly based its ruling on the witness's *anticipated* testimony.

In any event, while J. B. did not specifically testify at trial that Boynton gave her illegal drugs in exchange for sex, she did testify that he gave her drugs just before he molested her, and that the drug use "always led up to intercourse." This was certainly similar to the anticipated testimony.

---

[11] Id.

[12] *Wright v. State*, 259 Ga. App. 74, 75 (1) (576 SE2d 64) (2003); *Delk v. State*, 274 Ga. App. 261, 262 (2) (619 SE2d 310) (2005).

[13] See *Delk*, supra.

[14] *Walton v. Datry*, 185 Ga. App. 88, 90-91 (2) (363 SE2d 295) (1987).

Finally, we find no abuse of discretion in the court's decision to admit the evidence. The evidence was relevant for the purpose admitted, since it had some bearing on the issues being tried.[15]

5. Boynton contends the trial court erred in denying his motion for a mistrial when a witness testified regarding a similar transaction of which Boynton had no prior notice.

At trial, Boynton moved for a mistrial after one of the state's similar transaction witnesses of which Boynton had prior notice, mentioned Boynton's interaction with yet another girl. K. B., who was 33 years old at the time of the trial, testified that Boynton molested her when she was a child. K. B. said that she and two friends were playing outside. Boynton told her they were going to play a game called "school." Boynton said he would be the principal and was going to call her and her friends into the house "one by one." He called K. B. inside, reached under her clothing and touched her vagina. She told him to stop, then ran outside. Boynton told another girl to come inside. K. B. told the girl not to go inside, and that they "weren't going to play that game."

At this point, Boynton's attorney objected. With the jury out of the courtroom, he moved for a mistrial on the basis that he had not received any similar transaction notice regarding the other girl. The court offered to give a curative instruction. When the jury returned, the court instructed it to disregard the testimony about the other girl, adding that the testimony was not evidence of any wrongdoing, and that it had nothing to do with the charges against Boynton. Defense counsel then renewed his motion.

Where a witness involuntarily injects into the trial improper and prejudicial matters, whether a mistrial must be granted or whether the effect can be corrected by instructions to the jury is a matter within the discretion of the trial court.[16] We will not disturb the trial court's ruling absent an abuse of discretion, which does not exist if the curative instructions given can serve to prevent the alleged harmful testimony from having any prejudicial impact.[17] We are satisfied that the curative instruction given in this case was sufficient to prevent the testimony from having a prejudicial effect on the jury's verdict,[18] particularly given the overwhelming admissible evidence of Boynton's guilt.[19]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

---

[15] See OCGA § 24-2-1; *Davis v. State*, 238 Ga. App. 736 (1) (520 SE2d 475) (1999) (ruling on motion in limine reviewed for abuse of discretion).

[16] *Fulmer v. State*, 205 Ga. App. 679, 680 (3) (423 SE2d 300) (1992).

[17] Id.

[18] See id.

[19] See *Tuggle v. State*, 211 Ga. App. 854, 857 (2) (d) (440 SE2d 740) (1994).

DECIDED OCTOBER 10, 2007.

*Ricardo G. Samper, Jerry F. Pittman*, for appellant.
*Peter J. Skandalakis, District Attorney, Andrea A. Newton, Assistant District Attorney*, for appellee.