**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

June 13, 2013

# In the Court of Appeals of Georgia

A13A0336. IN THE INTEREST OF M. C., a child.

MCFADDEN, Judge.

A juvenile court adjudicated minor M. C. delinquent for acts of aggravated sodomy and child molestation. M. C. appeals, challenging the sufficiency of the evidence supporting the adjudication and establishing venue, and the admission of child hearsay statements. But because there was enough evidence from which the juvenile court was authorized to find beyond a reasonable doubt that M. C. had committed the delinquent acts and that venue had been established, and because the trial court did not abuse its discretion in admitting the child hearsay statements, we affirm.

1. *Sufficiency of the evidence.*

In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile committed the acts charged. Thus, the standard of review on appeal in a case of adjudication of delinquency of a juvenile is the same as that for any criminal case. In reviewing such cases, we do not weigh the evidence or determine witness credibility.

*In the Interest of M. L.,* 316 Ga. App. 413 (729 SE2d 548) (2012) (citation omitted).

So construed, the evidence shows that the 11-year-old victim told his mother that M. C. was making him go into a bedroom, take off his clothes and perform sexual acts. The mother contacted the police and gave a statement indicating that the victim had told her that M. C. had "put his thing in [the victim's] butt." During a forensic interview, the victim again stated that M. C. had put his penis in the victim's "butt." In describing the incident, the victim stated that no one else was home at the time, that M. C. had closed the bedroom door, that M. C. had pulled down the victim's pants, that M. C. had touched the victim's "butt" with his hands, that M. C. then stood behind him and put his penis "inside" the victim's "butt," that M. C.'s penis felt hard and that it hurt.

Citing *Elrod v. State*, 208 Ga. App. 787 (432 SE2d 808) (1993), M. C. claims that the evidence was insufficient because it did not show that there was contact

2

between his penis and the victim's anus. But *Elrod* is distinguishable from the instant case. In *Elrod*, an aggravated sodomy conviction was reversed because the evidence showed only that the defendant had rubbed his penis against the victim's "butt" and "crack," however there was nothing in the record to show contact between the defendant's penis and the victim's anus. Id. at 788 (2). Unlike *Elrod*, the evidence in the instant case did not show only that M. C. had rubbed his penis *against* the victim's buttocks; rather, the evidence showed that M. C. put his penis "inside" the victim's "butt" and that such contact hurt the victim. "Georgia law defines sodomy as any sexual act involving the sex organs of one person and the mouth or anus of another. A showing of penetration is not required to establish sodomy. A showing of contact is all that is required." *Bryson v. State*, 282 Ga. App. 36, 38 (1) (a) (638 SE2d 181) (2006) (citations, punctuation and emphasis omitted). In this case, the juvenile court was authorized to find from the evidence that M. C. had put his hard penis "inside" the victim's "butt", and that it hurt the victim, and therefore that there was a sexual act involving contact between M. C.'s penis and the victim's anus.

> This evidence was sufficient to authorize [M. C.'s adjudication of delinquency] beyond a reasonable doubt. See OCGA § 16-6-4 (c); *Morgan v. State*, 226 Ga. App. 327, 329 (2) (486 SE2d 632) (1997) (testimony that the defendant put his penis "on the victim's butt" was sufficient to sustain the conviction for aggravated child molestation

3

based upon an act of sodomy); *Morgan v. State*, 191 Ga. App. 279 (381 SE2d 427) (1989) (affirming aggravated child molestation conviction based upon testimony of the victim). See also *Bryson v. State*, [supra at 37-38 (1) (a)] (victim's testimony that the defendant had touched the victim's "behind" with the defendant's "private part" was sufficient to authorize aggravated sodomy conviction).

(Punctuation omitted.) *Prudhomme v. State*, 285 Ga. App. 662, 664 (1) (647 SE2d 343) (2007).

M. C. further claims that there was no evidence of the force required to sustain the aggravated sodomy adjudication. We disagree.

OCGA § 16–6–2 (a) (2) provides in part that a person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age. Our courts have held that the term force includes not only physical force, but also mental coercion, such as intimidation. Lack of resistance, induced by fear, is force. Moreover, force may be proved by direct or circumstantial evidence. And as with rape, only a minimal amount of evidence is necessary to prove that an act of sodomy against a child was forcible.

*Boileau v. State*, 285 Ga. App. 221, 223 (1) (a) (645 SE2d 577) (2007) (citations and punctuation omitted). In this case, there was testimony that M. C. made the victim go into a bedroom, remove his clothes and perform sexual acts. Moreover, "some evidence of physical force was presented by [M. C.'s] pulling down the pants . . . of

4

the victim. There was therefore sufficient evidence of force to sustain [his adjudication] for aggravated sodomy. [Cits.]" Id.

2. *Venue.*

"'Cases against juveniles alleging delinquent conduct may be brought in either the county of the juvenile's residence or the county in which the allegedly delinquent acts occurred. OCGA § 15–11–29 (a).' [Cit.]" *In re J. B.*, 289 Ga. App. 617, 618 (658 SE2d 194) (2008). Here, the evidence showed that the delinquent conduct occurred in the victim's house, which is located in Worth County, where this case was adjudicated. "Whether the evidence as to venue satisfied the reasonable-doubt standard was a question for the [fact-finder], and its decision will not be set aside if there is any evidence to support it." *Mahone v. State*, 293 Ga. App. 790, 793-794 (2) (668 SE2d 303) (2008) (citations and punctuation omitted). Because there is evidence supporting the juvenile court's finding of venue in Worth County, we find no error.

3. *Child hearsay.*

M. C. contends that the trial court erred in admitting the child-hearsay statements made by the victim to his mother and the forensic interviewer because they lacked sufficient indicia of reliability. We disagree.

Because M. C.'s adjudicatory hearing occurred before January 1, 2013, former child hearsay statute OCGA § 24–3–16 applies to this case. *Whorton v. State*, ___ Ga. App. ___, (1) n. 9 (Case No. A13A0578, decided April 10, 2013).

> Under former OCGA § 24–3–16, hearsay statements by underage victims of sexual abuse are admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability. The trial court has broad discretion in determining the admissibility of child hearsay evidence, and we will reverse a trial court's ruling on the admissibility of statements under former OCGA § 24-3-16 only if the trial court abused its discretion.

*Maurer v. State*, ___ Ga. App. ___ (2) (740 SE2d 318) (2013) (citation and punctuation omitted).

In determining that the circumstances of the victim's statements provided sufficient indicia of reliability, the juvenile court found, among other things, that after the initial outcries to the victim's grandmother and mother an appropriate forensic interview was conducted, that there was nothing unusual in the victim's demeanor and he did not appear to be either detached or overly emotional, that there was no evidence of threats or promises of benefit, that there was no evidence of coaching the victim, and that any inconsistencies in the victim's statements did not render them unreliable. Under these circumstances, "the trial court did not abuse its discretion in

6

admitting the child-hearsay statements." (Citation omitted.) *Whorton*, supra at ___ (1).

*Judgment affirmed. Doyle, P. J., and Boggs, J., concur.*